THE PENSACOLA ELECTRIC COMPANY, A CORPORATION, *Plaintiff in Error*, v. GUS A. SODERLIND, AS ADMINISTRATOR OF THE ESTATE OF GUS A. SODERLIND, DECEASED, *Defendant in Error.*

1. If a cause can be fully disposed of without adjudicating constitutional questions raised therein, the courts will generally ignore such questions and dispose of the case on other grounds.

2. At common law a cause of action accruing to a plaintiff individually cannot be joined with one accruing to him in a representative capacity, though the two arise out of the same occurrence.

3. Causes of action that exist in favor of a person individually and as an administrator or executor of the estate of another are not "in the same right" within the meaning of the statute permitting causes of action to be joined. In the former, the recovery is in a personal capacity, and in the latter the recovery is in a representative capacity—in the right of another.

4. A cause of action accruing to the father of a deceased minor child under section 3147 of the General Statutes and a cause of action accruing to the administrator of a decedent under sections 3145 and 3146 of the General Statutes cannot be joined in the same declaration.

5. Where causes of action are improperly joined in a declaration and a general judgment for the plaintiff is rendered thereon, the judgment will be reversed.

This case was decided by the court En Banc.

Writ of error to the Circuit Court for Escambia County.

SHACKLEFORD, J., prepared the following statement.

By writ of error the defendant in the court below seeks to have a judgment for $10,000.00 recovered against it by the plaintiff tried and tested by the law. Hoopes Bros. v. Crane, 56 Fla. 395, text 421, 47 South. Rep. 992, text 1001, and authorities there cited. *In limine,* we are called upon to determine the sufficiency of the declaration to withstand the different assaults made upon it. Omitting the purely formal parts, the declaration is as follows:

"The plaintiff Gus A. Soderlind, as Administrator of the estate of Gus A. A. Soderlind, deceased, by his attorneys, sues the defendant, The Pensacola Electric Company, a corporation, for that, to-wit:—

1st: That before the institution of this suit to-wit:— On the 19th day of January, A. D. 1909, in the City of Pensacola, Florida, the defendant was the owner and operator of a certain street car propelled by power of electricity; that defendant, through its servants and agents, then and there had the exclusive control and management of said street car and was operating the same in the said city of Pensacola upon a certain line of street railroad track of the defendant, located upon Government street in said city of Pensacola; that on said date in the light of day in the afternoon thereof, while plaintiff's intestate Gus A. A. Soderlind an infant under the age of two years was lawfully on said street, the defendant, by and through

its servants and agents, then and there carelessly and negligently propelled its said car along and over said street and then and there by means of the said street car so carelessly and negligently operated by said defendant, did wrongfully, carelessly, violently and negligently run upon, against and over the body of plaintiff's intestate the said Gus A. A. Soderlind, crushing and mutilating it, on account thereof he thereafter died; that neither widow nor husband, nor minor child nor children nor any person or persons depending upon the said Gus A. A. Soderlind, plaintiff's intestate, for a support survived him; that plaintiff, Gus A. Soderlind, is the duly appointed administrator of the estate of the said Gus A. A. Soderlind deceased, and is the father and legal representative of the said Gus A. A. Soderlind, deceased. And because of such wrongful act of defendant the plaintiff has suffered great damage, and this plaintiff has lost and been deprived of the services of the said Gus A. A. Soderlind, plaintiff's minor child and intestate, and this plaintiff and plaintiff's wife Maggie Soderlind, the mother of said child have been subjected to great mental pain and suffering on account thereof. And plaintiff claims $20,000.00.

2nd. That before the institution of this suit, to-wit:— On the 19th day of January, A. D. 1909, in the city of Pensacola, Florida, the defendant was the owner and operator of a certain street car propelled by power of electricity; that defendant, through and by its agents and servants, then and there had exclusive control and management of said street car and was operating the same in the said city of Pensacola, upon a certain line of street railroad track of the defendant, located upon Government street in said city of Pensacola; that on said date, in the light of day, in the afternoon thereof, while plaintiff's intestate, Gus A. A. Soderlind an infant under the age of two years, was lawfully on said street, the defendant by

and through its servants and agents, then and there carelessly and negligently propelled its said car along and over said street and then and there, by means of said street car so carelessly and negligently operated by said defendant, did wrongfully, carelessly, violently and negligently run upon, against and over the body of plaintiff's intestate, the said Gus A. A. Soderlind crushing and mutilating it, on account whereof he thereafter died; that neither widow nor husband, nor minor child or children nor any person or persons depending upon the said Gus A. A. Soderlind, plaintiff's intestate, for a support, survived him; that plaintiff, Gus A. Soderlind is the duly appointed administrator of the estate of the said Gus A. A. Soderlind, deceased. And because of such wrongful act of defendant, plaintiff as such administrator is entitled to recover of defendant such damage as intestate's estate suffered by reason thereof. And the plaintiff claims $20,000.00."

To this declaration the defendant interposed the following demurrer:

"The defendant demurs to the first and second counts of the plaintiff's declaration filed in the above entitled cause and for grounds of demurrer says:—

That the Statute, Section 3147, General Statutes of the State of Florida, 1906, under which this suit is brought, is in conflict with the Constitution of the State of Florida, and the Constitution of the United States, and the Fourteenth Amendment thereof, because its enforcement will,—

a. Deprive the defendant of its property without due process of law;

b. Deny to the defendant the equal protection of the law, because the Statute,

1: Is class legislation without any reasonable basis of classification;—

2: Discriminates unjustly by attempting to make the

defendant liable under the circumstances mentioned in the Statute, while imposing no such liability upon individuals under similar circumstances."

The defendant also interposed a demurrer addressed to the first count of the declaration on the ground that such "count is double, in that the plaintiff sues both as father and as administrator." The defendant also filed a motion to strike from the first count the concluding clause therein, "and this plaintiff has been subjected to great mental pain and suffering on account thereof," on the ground that no such damages are recoverable under the existing laws of this State, and that such allegation tends to embarrass the issue. The defendant likewise filed a motion requiring the plaintiff to elect between the two counts, upon the ground that in the first he seeks to recover as father and in the second as administrator. The defendant further moved to strike from the declaration the words, "and plaintiff's wife Maggie Soderlind, the mother of said child," because no such damages are recoverable, and such allegation tends to embarrass the issue.

*Blount & Blount & Carter* for Plaintiff in Error.

*J. P. Stokes* and *R. P. Reese,* for Defendant in Error,

WHITFIELD, C. J.—While the demurrer to the declaration is addressed to the validity of the section of the General Statutes of 1906 on which the first count is based, if the case can be fully disposed of without adjudicating the constitutional questions raised therein, the courts will generally ignore such questions and dispose of the case on other grounds. Ex Parte Bailey, 39 Fla. 734, 23 South. Rep. 552.

A motion to require the plaintiff to elect between the counts of the declaration on the ground that they state

causes of action accruing in different rights, was denied by the court, and this ruling is assigned as error.

The trial was had and judgment recovered on the declaration containing the two counts, and if the counts cannot be joined in one action the judgment should be reversed without reference to the constitutionality of section 3147 on which the first count is based.

Section 1389 of the General Statutes of 1906 provides that "causes of action of whatever kind, by and against the same parties in the same rights, may be joined in the same suit, except that replevin and ejectment shall not be joined together nor with other causes of action.

At common law a cause of action accruing to a plaintiff individually cannot be joined with one accruing to him in a representative capacity, though the two arise out of the same occurrence. See 1 Ency. Pl. & Pr. 190; 23 Cyc. 399; Morton v. Western Union Tel. Co., 130 N. C. 299, 41 S. E. Rep. 484; Carrier v. Bernstein Bros., 104 Iowa 572, 73 N. W. Rep. 1076.

Causes of action that exist in favor of a person individually and as an administrator or executor of the estate of another are not "in the same right" within the meaning of the statute. In the former, the recovery is in a personal capacity, and in the latter the recovery is in a representative capacity—in the right of another.

The cause of action stated in the first count of the declaration arises under section 3147 of the General Statutes of 1906. It is to recover "for the loss of service of such minor child" and "for the mental pain and suffering of the parent" which damages are personal to the parent in his own right as parent, and not a right to be exercised in a representative capacity as administrator of another's estate. See Seaboard Air Line Ry. v. Moseley, 60 Fla., 186 53 South. Rep. 718. No authority is cited to sustain the holding in Callison v. Brake, 129 Fed. Rep. 196,

63 C. C. A. 354, where the court recognized the absence of a decision on the point by this court. The rule in Vermont is based on statutory provisions for special verdicts and separate findings on different counts of a declaration. We have no such statutes.

The second count states a cause of action arising under sections 3145 and 3146, and it is properly brought by the father in his representative capacity of administrator of the estate of his deceased minor child.

The statutes giving these several rights of action do not authorize them to be joined with each other when they are not given "in the same right."

This action is by the plaintiff "as administrator of the estate of Gus A. A. Soderlind deceased," the appointment of plaintiff as such administrator is alleged and the deceased is referred to as "plaintiff's intestate."

The damages alleged in the first count accrue to and may be recovered by the plaintiff only in his personal capacity as father of the deceased. The damages claimed in the second count may be recovered only in a representative capacity; and as the two counts are for causes of action not in the same right, they cannot be joined, and the motion to require the plaintiff to elect between the counts should have been granted and the declaration reformed accordingly. The constitutional question may be eliminated by the plaintiff in electing between the counts.

The judgment is reversed.

TAYLOR, COCKRELL, HOCKER and PARKHILL, J. J., concur.

SHACKLEFORD, J., dissenting.

I am of the opinion that judgment should be reversed but not for the reasons set forth in the majority opinion. I shall state briefly my own views.

All of the demurrers and motions interposed to the declaration were overruled, and separate errors are assigned upon such rulings. I shall not discuss such assignments in detail, since all relate to the sufficiency and propriety of the declaration as framed. The first point I think it advisable to pass upon is the Constitutionality of Section 3147 of the General Statutes of 1906, which is directly called in question. Such section is as follows:

"3147. Death of minor child by wrongful act.—Whenever the death of any minor child shall be caused by the wrongful act, negligence, carelessness or default of any private association of persons, or by the wrongful act, negligence, carelessness or default of any officer, agent or employee, or by the wrongful act, negligence, carelessness or default of any corporation, or by the wrongful act, negligence, carelessness or default of any officer, agent or employee of any corporation acting in his capacity as such officer, agent or employee, the father of such minor child, or if the father be not living, the mother, as the legal representative of such deceased minor child, may maintain an action against such individual, private association of persons or corporation, and may recover not only for the loss of service of such minor child, but in addition thereto such sum for the mental pain and suffering of the parent or parents as the jury may assess."

As is shown by the marginal reference, this section originally formed Section 1 of Chapter 4722 of the Laws of Florida, and it is found on page 114 of the Acts of 1899. It has been called to our attention by the plaintiff that, although such Section 3147 of the General Statutes is an exact copy of Section 1 of Chapter 4722, as the latter appears in the printed volume of the Acts of 1899, such section as there printed differs in essential particulars from the bill which was actually passed and became a law, as

is shown by such enrolled bill in the office of the Secretary of State. Upon examination, I find that this contention is correct, certain words being omitted from the act as printed. For the purpose of convenient reference I copy here such act as appears from such enrolled bill, and enclose in brackets the words omitted from the printed bill:

"Section 1. Whenever the death of any minor child shall be caused by the wrongful act, negligence, carelessness or default of any [individual, or by the wrongful act, negligence, carelessness or default of any] private association of persons, or by the wrongful act, negligence, carelessness or default of any officer, agent or employee [of any private association of persons acting in his capacity as such officer, agent or employe,] or by the wrongful act, negligence, carelessness or default of any corporation, or by the wrongful act, negligence, carelessness or default of officer, agent or employe of any corporation acting in his capacity as such officer, agent or employe, the father of such minor child, or if the father be not living, the mother, as the legal representative of such deceased minor child, may maintain an action against such individual, private association of persons or corporation, and may recover not only for the loss of services of such minor child, but in addition thereto such sum for the mental pain and suffering of the parent or parents as the jury may assess."

That the omission of the words which I have enclosed in brackets from the act wrought a material change therein there can be no question. It seems to me that the effect of their omission is obvious. Of course, the act as enrolled in the office of the Secretary of State, and not as it appeared in the printed volume, would govern, had the action been brought while such act was in force, unmodified or unrepealed. Ex Parte Sam Bush, 48 Fla. 69, 37 South. Rep. 177, and Strobhar v. State, 55 Fla. 167, 47 South. Rep. 4. But such was not the case. Section 1 of

Chapter 5372 of the Laws of Florida, Acts of 1905, page 3, which may also be found printed in front of the General Statutes of 1906, adopting and enacting such General Statutes, contains this express provision: "Every statute of a general and permanent nature enacted by the State of Florida or by the Territory of Florida, and every part of such statute not included in said General Statutes, or recognized and continued in force by reference therein, is hereby repealed." This language is clear, positive and unequivocal and would seem to be decisive upon the point in question, that is as to the repeal of Section 1 of Chapter 4722 of the Laws of Florida, Acts of 1899, as originally enacted. The plaintiff contends otherwise and earnestly insists "that no part of the statute has been repealed, and that no discrimination occurs in the statute as it appears in the General Statutes." He has cited a large number of authorities which he claims support or tend to support his position. I have given the argument made in the plaintiff's brief my careful consideration and have also examined the authorities upon which he relies sufficiently to convince me that his position is untenable and is not supported by the law. I fully approve of the prior decisions of this court relating to the principles of statutory construction, cited and relied upon by the plaintiff, but fail to see wherein they aid him in his present contention. I might further admit the correctness of the citations from other jurisdictions to the effect that in the matter of the construction of revised statutes no change of meaning will be imputed to a change of phraseology in the re-enacted statute, unless the language used indicates an intended departure therefrom, and that the presumption is against an intention to change the meaning and construction of a statute re-enacted therein, as has been held by the different Federal Courts in a number of decisions which the plaintiff has called to our attention. I might even concede the

correctness of the holding in Croswell v. Crane, 7 Barb. (N. Y.) 191, text 195:

"It is well settled that in the revision of statutes an alteration in the phraseology, or the omission or addition of words, does not necessarily alter the construction of the act, or imply an intention on the part of the legislature to alter the law. In a revision of the laws a reform of the language is not necessarily an alteration of the law. The intent of the legislature to alter the law must be evident, or the language of the new act must be such as palpably to require a different construction, before the courts will hold the law changed, upon such revision, merely from the fact of a change of the language employed."

Even conceding so much, I am of the opinion that the plaintiff's contention must fail. As I have already said, the language used in the act adopting the General Statutes is so clear and positive that there would seem to be no occasion for applying the principles of statutory construction invoked by the plaintiff. As we held in Palmer v. Parker, 52 Fla. 389, text 393, 42 South. Rep. 398, text 399: "There is no ambiguity in the language of the statute. The first rule of construction is that if the language is clear and admits of but one meaning, the Legislature should be held to have intended what it has plainly expressed, and there is no room for construction." Also see State ex rel. v. Buckman, 18 Fla. 267, referred to in the cited case, which is to the same effect. So much for the intention of the Legislature, as evinced by the language used in such act adopting the General Statutes, to repeal every statute and every part of such statute of a general and permanent nature not included in such General Statutes. Is anything to be found in Section 3147 to evince a different intention in regard to its enactment or incorporation into such General Statutes? We think not. If I had any doubt upon this point, it seems to

me that it would have to be resolved against the contention of the plaintiff. The marginal reference to "Ch. 4722, Acts 1899, Sec. 1," apparently would indicate that the Commissioners appointed to revise the Statutes had such printed statute before them and intended to re-enact it as they found it in such printed Acts. As we have already seen, the Commissioners did incorporate in the General Statutes such section 1 of Chapter 4722 just as it was printed, without making any change therein, and, in adopting such General Statutes, the Legislature re-enacted such section just as it was incorporated therein. As was said in Adams v. State, decided here at the present term, "While we may regret that some one has blundered, our duty is clear.

The defendant, in discussing this section, claims that "Its reading clearly shows that it makes no provision for a suit for damages where the injury is caused by the wrongful act, negligence, carelessness or default of an individual, and is, therefore, obnoxious to the principles set forth in the demurrer." The following authorities are cited to us as supporting this contention : Smith v. Louisville & Nashville R. R. Co., 75 Ala. 449; Ballard v. Mississippi Cotton Oil Co., 81 Miss. 507, 34 South. Rep. 533; Beveridge v. Lewis, 137 Cal. 619, 67 Pac. Rep. 1040, S. C. 59 L. R. A. 581, 92 Amer. St. Rep. 188; State ex rel. v. Justus, 90 Minn. 474, 97 N. W. Rep. 124; Niagara Fire Ins. Co. v. Cornell, 110 Fed. Rep. 816. I have examined these citations, to which many others could be readily added, and find that they are well in point. In fact, there would seem to be no occasion to go outside of our own decisions. Although necessarily the facts are variant, the discussion and reasoning in the following decisions of this court will be found to be alike applicable here, the same principle being involved therein : State v. Patterson, 50 Fla. 127, 39 South Rep. 398, S. C. 7 Amer. & Eng. Ann.

Cas. 272; State *ex rel.* v. Atlantic Coast Line R. R. Co., 51 Fla. 578, 41 South. Rep. 705; State *ex rel.* v. Atlantic Coast Line R. R. Co., 52 Fla. 646, 41 South. Rep. 705, S. C. 12 L. R. A. (N. S.) 506; Seaboard Air Line Ry. v. Simon, 56 Fla. 545, 47 South. Rep. 1001; State v. Atlantic Coast Line R. R. Co., 56 Fla. 617, 47 South. Rep. 969; Harper v. Galloway, 58 Fla. 255, 51 South. Rep. 226; King Lumber & Mfg. Co. v. Atlantic Coast Line R. Co., 58 Fla. 292, 50 South. Rep. 509. Still other decisions of this court will be found referred to in these cited cases, as also instructive authorities from other jurisdictions. The case of Smith v. Louisville & Nashville R. R. Co., *supra,* wherein the opinion was rendered by Mr. Justice Stone, is very much in point, and we think that his reasoning is unanswerable and conclusive, finding full support in the authorities which he cites. As he well said: "We regret the duty, so often cast upon us, of construing statutes which discriminate between persons, natural and artificial, sometimes in favor of the one, and sometimes in favor of the other; but we have no discretion. We feel constrained to hold the section of the Code, under which this action was brought, to be unconstitutional."

In other words, it is maximatic, if I may be permitted to neologize for the once, that the law is no respecter of persons. *Lex uno ore omnes alloquitur.* Squarely in line with this axiomatic principle, we have expressly held that all parties litigant who are *sui juris,* whether individuals or corporations, natural or artificial persons, in the eyes of the law, before the courts, stand upon an equal footing, entitled to equal rights and protection, and none to special privileges. Atlantic Coast Line R. R. Co. v. Beazley, 54 Fla. 311, text 392, 45 South. Rep. 761, text 787, and Southern Home Insurance Co. v. Putnal, 57 Fla. 199, 49 South. Rep. 922. Likewise we have expressly held that "The provision of the State Constitution that no person shall

be deprived of property without due process of law, and the provisions of the Fourteenth Amendment of the Constitution of the United States as to property rights, extend to the property held and used by corporations, since the beneficial ownership of such property is in natural persons, and the law forbids the doing by indirection that which is forbidden to be directly done." ˙ Seaboard Air Line Ry. v. Simon, 56 Fla. 545, 47 South. Rep. 1001, and State v. Atlantic Coast Line R. R. Co., 56 Fla. 617, text 657, 47 South. Rep. 969, text 982. In fine, discrimination between persons, whether natural or artificial, so that one class is favored over another class, is expressly forbidden by both the Federal and State Constitutions, and a statute which transcends these constitutional provisions cannot be permitted to stand. All laws should be so framed that every judge should be able to declare to all litigants, in the classic words with which Virgil has the Carthaginian queen greet the leader of the Trojan exiles: *"Tros Tyri-usque mihi nullo discrimine agetur."*

While it is undoubtedly true, as we have several times held, "Where a court can effectually and properly dispose of a case without passing upon the constitutionality of a statute involved, it is its duty to do so." State *ex rel.* v. Parker, 57 Fla. 170, 49 South. Rep. 124. And while it is further true that "In passing upon the constitutionality of statutes generally, no matter from what standpoint the assault thereon may be made, it is a well settled and car-˙ dinal rule that nothing but a clear violation of the constitution will justify the courts in overruling the legislative will; and where there is reasonable doubt as to the constitutionality of an act it must be resolved in favor of the act." State *ex rel.* v. Bryan, 50 Fla. 293, 39 South. Rep. 929. It is also true that "Where it appears beyond all reasonable doubt that a statute is unconstitutional it is

12—Vol. 60.

the duty of the court to so declare." State *ex rel.* v. McMillan, 55 Fla. 254, 45 South. Rep. 882. Believing that it is necessary for the effective and proper disposition of this case for us to pass upon the validity of the statute under consideration and further being of the opinion that it clearly appears to be violative of both the Federal and State Constitutions, for the reasons already stated, I feel it to be my duty to so declare.

Could I declare that the action was brought solely under Section 3147 of the General Statutes of 1906, having reached the conclusion that such statute is unconstitutional, my task would have been fully performed and I could say, as Mr. Justice STONE did say in Smith v. Louisville & Nashville R. R. Co., *supra:* "That statute being pronounced unconstitutional, it is equally manifest that the plaintiff in the present suit never can recover." I am precluded from doing this. The defendant frankly concedes in its brief that the demurrer interposed to each of the two counts of the declaration "is not well taken to the second count, as this count only seeks to recover damages to the estate of the deceased." I must look, then, to the other statutes under which the action might be brought. This brings me to the consideration of Sections 3145 and 3146 of the General Statutes, bearing in mind that such section 3146 was amended by Chapter 5648 of the Laws of Florida, Acts of 1907, page 134, and I copy such latter section as amended, the same being in force at the time the action was brought.

"3145. (2342). A claim for death caused by negligence of another.—Whenever the death of any person in this State shall be caused by the wrongful act, negligence, carelessness or default of any individual or individuals, or by the wrongful act, negligence, carelessness, or default, of any corporation, or by the wrongful act, carelessness, negligence or default of any agent or any corporation, act-

ing in his capacity of agent of such corporation and the act, negligence, carelessness or default is such as would, if the death had not ensued, have entitled the party injured thereby to maintain an action for damages in respect thereof, then and in every such case the person or persons who or corporation which would have been liable in damages, if death had not ensued, shall be liable to an action for damages, notwithstanding the death shall have been caused under circumstances as would make it in law amount to a felony."

"3146. By Whom Brought and Survival,—Every such action shall be brought by and in the name of the widow or husband, as the case may be, and where there is neither widow nor husband surviving the deceased, then the minor child or children may maintain an action; and where there is neither widow nor husband, nor minor child or children, then the action may be maintained by any person or persons dependent on such person killed for a support; and where there is neither of the above classes of persons to sue, then the action may be maintained by the executor or administrator, as the case may be, of the person killed. In case of the death of any person solely entitled, or of all the persons jointly entitled to sue, before action brought or before the recovery of a final judgment in an action brought by him or them, the right of action or the action as the case may be, shall survive to the person or persons next entitled to sue under this section, and in case of the death of one or more persons jointly entitled to sue before action brought or before the recovery of a final judgment in an action brought by them, the right of action or the action, as the case may be, shall survive to the survivor of such persons so jointly entitled to sue; and in every such action the jury shall give such damages as the party or parties entitled to sue may have sustained by reason of the death of the party killed. Provided, That any person or

persons to whom a right of action may survive under the provisions of this act shall recover such damages as by law such person or persons are entitled in their own right to recover, irrespective of the damages recoverable by the person or persons whom he or they may succeed."

Such sections 3145 and 3146 of the General Statutes of 1906 constituted Sections 2342 and 2343 of the Revised Statutes of 1892, and we had occasion to refer to and construe them in Bowden v. Jacksonville Electric Co., 51 Fla. 152, 41 South. Rep. 400, S. C. 7 Amer. & Eng. Ann. Cas. 859, and Jacksonville Electric Co. v. Bowden, 54 Fla. 461, 45 South. Rep. 755, S. C. 15 L. R. A. (N. S.) 451. These two sections were incorporated into the General Statutes just as they stood in the Revised Statutes. The changes made in Section 3146 by Chapter 5648 of the Laws of Florida will readily appear upon a comparison of the two acts, and it is not necessary for us to point them out. It will be observed that neither Section 3146 of the General Statutes nor the same as amended by Chapter 5648 makes any provision for the bringing of the action by the father of the deceased, as Section 3147 of such General Statutes attempted to do, and, unless the father of the person killed was dependent upon such person for a support, it would seem that he could not bring the action as father. We expressly held in Jacksonville Electric Co. v. Bowden, *supra,* that "the common law afforded no right of action to any one for damages resulting from the death of a person by the wrongful act or default of another, and statutes giving such rights should not be extended beyond the meaning of the terms used; yet such statutes are remedial in their nature, and they should, when sufficient for the purpose, be so construed as to afford the remedy clearly designed." There is no allegation in the declaration that the father was dependent upon the deceased minor child for a support, but there are allegations to the contrary, so

that question is eliminated from our consideration. In my opinion, the only capacity in which he could bring the action was as administrator, and, as I construe the declaration, that is the capacity in which he does bring the action in each of the two counts. This being true, I am called upon to answer the question what damages as such administrator he was entitled to recover? I am of the opinion that we have already answered this question in Jacksonville Electric Co. v. Bowden, *supra,* and we refer to our discussion and the authorities cited therein. We held that "Where an administrator has a right of action under the statute imposing a liability for the wrongful death of a person he may recover the value of the decedent's death of the prospective earnings and savings that from the evidence could reasonably have been expected but for the death of the decedent." As such administrator he could not recover damages either for the loss and deprivation of the services of the decedent or for the mental pain and suffering occasioned either to the father or mother of such decedent. As these two are the only elements of damages sought to be recovered in the first count of the declaration, it necessarily follows that the trial court erred in overruling the demurrer to such count. Such question of damages was also raised by a motion for the compulsory amendment of the declaration, as well as upon the instructions given to the jury, as upon those requested and refused. See Cline v. Tampa Water Works Co., 46 Fla. 459, 35 South. Rep. 8; Tillis v. Liverpool & L. & G. Ins. Co., 46 Fla. 268, 35 South. Rep. 171, S. C. 110 Amer. St. Rep. 89; Western Union Telegraph Co. v. Merritt, 55 Fla. 462, 46 South. Rep. 1024, S. C. 127 Amer. St. Rep. 169; Fidelity & Deposit Co. of Maryland v. Aultman, 58 Fla. 228, 50 South. Rep. 991.

Having had to declare Section 3147 of the General Statutes of 1906 unconstitutional, I do not feel called upon

to say what construction I would place upon the same if Section 1 of Chapter 4722 of the Laws of Florida, as the same appears enrolled in the office of the Secretary of State, had been brought forward therein, as I do not consider that such point is before us. It is not for us to declare what the Legislature may or may not have power to do, unless we are expressly called upon in the proper way so to do. I might add that I am familiar with the case of Callison v. Brake, 129 Fed. Rep. 196, to which our attention has been called by the plaintiff, wherein such Chapter 4722 was referred to and in part construed. It would seem that the court had before it in that case the act which really became a law, not the one as printed, therefore, it is not necessary for me to make any comments on that case. The point I have discussed does not appear to have been raised therein, if, indeed, it could have been so presented.

It is unnecessary for me to discuss further the errors assigned. In view of the conclusion I have reached as to the defective nature of the first count of the declaration, it may well be that the other questions presented by such assignments are not open for consideration. See authorities cited in the concluding paragraph of the opinion in Kirton v. Atlantic Coast Line R. R. Co., 57 Fla. 79, text 87, 49 South. Rep. 1024, text 1026. Whether so or not, what I have said is sufficient to indicate the views which I entertain. I will add that I do not concur in the construction placed upon the statute by the other members of the court.