PER CURIAM.
By petition for common law writ of cer-tiorari, appellants, defendants in the trial court, seek review of the trial court’s order denying their motion to sever improper party.
Plaintiff, Annie Hicks in her individual capacity as mother of Artie C. Hicks, deceased, filed an action against Metropolitan Dade County under the Wrongful Death of a Minor Act [§ 768.03, Fla.Stat., F.S.A.]. With leave of court, plaintiff Hicks amended her complaint to add as an additional party defendant American Home Assurance Company, Dade County’s liability insurer. Prior to the scheduled trial date, plaintiff moved to amend her complaint to add as an additional party plaintiff herself as the administratrix of the estate of Artie C. Hicks, Jr., a deceased minor, and to seek damages in her capacity as administratrix pursuant to the Survival and Wrongful Death Statutes [§§ 46.021, 768.02, Fla.Stat., F.S.A.]. This motion to amend was granted and defendants responded with a motion to sever and/or drop the administratrix of the estate of Artie C. Hicks as an improper party plaintiff to the subject action. After hearing, the trial judge entered the following:
“THIS CAUSE having come on to be heard before me upon Defendants’ Motion to Sever and/or Drop and Motion to Dismiss, and the Court being fully advised in the premises and having considered same, it is
“ORDERED AND ADJUDGED:
“1. That Defendants Motion to Sever and/or Drop ANNIE L. HICKS as Ad-ministratrix of the Estate of Artie Hicks, Jr., is hereby denied.
“2. That Defendants’ Motion to Dismiss the claim of ANNIE L. HICKS as Administratrix of the Estate of Artie C. Hicks, Jr. on the grounds that the Statute of Limitations has expired is hereby denied.
“DONE AND ORDERED in Chambers at Miami, Dade County, Florida, this 2 day of April, 1975.”
The long established rule of law in Florida is that a cause of action accruing to a plaintiff individually cannot be joined with one accruing to the plaintiff in a representative capacity although they rise out of the same occurrence because the respective causes of action are not “in the same right.” Pensacola Electric Company v. Soderlind, 60 Fla. 164, 53 So. 722 (1910); Latimer v. Sears Roebuck and Company, 285 F.2d 152 (5th Cir. 1960).
Accordingly, the petition for writ of certiorari is granted; that portion of the trial judge’s April 2, 1975 order denying defendants’ motion to sever and/or drop Annie L. Hicks as administratrix of the estate of Artie Hicks, Jr. hereby is quashed and the cause remanded to the trial court with directions to sever the claim of Annie L. Hicks as administratrix of the estate of Artie Hicks, Jr.
It is so ordered.