BOARDMAN, Acting Chief Judge.
Sarasota County filed a petition for writ of common law certiorari seeking review of the trial court’s orders denying petitioner’s motion to dismiss respondent Leolus L. Wall’s complaints against it. Concluding that the issue before us is properly reviewable by certiorari, we grant the petition for writ of certiorari.[1]
*501 Respondent filed a civil action for damages against petitioner and other defendants, alleging the wrongful death of his wife and bodily injury and property damage to himself. Petitioner moved to dismiss the complaint, one ground being that under Metropolitan Dade County v. Hicks, 323 So.2d 590 (Fla. 3d DCA 1975), a cause of action accruing to a plaintiff individually cannot be joined with one accruing to a plaintiff in a representative capacity although they arise out of the same occurrence because the respective causes of action are not “in the same right.” The trial court dismissed the complaint and respondent then filed two amended complaints, one seeking recovery in his representative capacity for the wrongful death, the other seeking recovery in his individual capacity for his own physical injuries and property damage.[2] However, he filed the two separate causes of action using the same case number and did not obtain new service of process for either amended complaint.[3] In response, petitioner filed motions to dismiss the amended complaints, contending that respondent’s procedure was highly irregular and improper, not being in accordance with Florida Rule of Civil Procedure 1.110(g). The trial court agreed that respondent’s method was unusual, but stated that it liked this novel approach and denied the motions to dismiss after hearing. This petition for writ of certiorari followed timely.
Respondent filed both amended complaints under the same case number because his counsel did not deem it necessary to acquire new service of process when he had already obtained proper service upon petitioner. While this logic is not unreasonable, our supreme court held in Pensacola Electric Co. v. Soderlind, 60 Fla. 164, 53 So. 722 (1910), that the proper procedure in a case such as this is for the plaintiff to elect which of the improperly joined claims he wishes to proceed on in the original suit.
In Soderlind, the case had proceeded to final judgment prior to the taking of the appeal. Here, however, only the plaintiff’s initial pleadings have been filed. Under these circumstances, since the four-year statute of limitations on the personal injury claim will not expire until September 13, 1981, we know of nothing that would preclude respondent from electing to proceed on the wrongful death claim in this suit and filing a separate suit (and obtaining new service of process) as to the personal injury claim. See General Dynamics Corp. v. Hewitt, 225 So.2d 561 (Fla. 3d DCA 1969).
One additional collateral point merits discussion. Section 768.28(6), Florida Statutes (1979) requires that a claimant present any claim against the state or one of its agencies or subdivisions in writing to the appropriate agency within three years after the claim accrued before the claimant may institute an action on the claim. The complaint and each of the amended complaints filed in the trial court alleged compliance with this notice requirement. However, the parties are in disagreement as to whether a new written claim would be necessary should petitioner prevail on appellate review. We think not. While case law has established that court proceedings on separate claims must be separate, we see no reason to require separate notices of claim to the same state agency as long as the fact that more than one claim is being made is apparent on the face of the notice and the agency is not prejudiced. Consequently, respondent may be able to pursue both claims in issue here, depending on the form and clarity of the notice of claim he previously presented, assuming he did in fact present such notice.
Accordingly, the writ of common law cer-tiorari is granted and the cause remanded with directions to dismiss the amended complaint filed in respondent’s individual capacity and for further proceedings consistent with this opinion.
*502 In view of the fact that the statute of limitations will expire shortly, the time for filing a motion for rehearing is limited to five days and the time for filing a response to three days.
RYDER, J., concurs.
GRIMES, J., concurs specially with opinion.

. Petitioner also filed an interlocutory appeal, Case No. 81-702, which is being dismissed by separate order in view of our conclusion that the issues raised are properly reviewable by certiorari.

. He subsequently filed a second amended complaint in the personal injury action; the changes made are immaterial to the issue before us.

. There is no dispute that proper service of process was had upon the named defendants on the original complaint.