570 So.2d 369 (1990)
The DEPARTMENT OF INSURANCE OF the STATE OF FLORIDA, Etc., Appellants,
v.
COOPERS & LYBRAND, a General, Partnership, Appellees.
No. 89-2940.
District Court of Appeal of Florida, Third District.
November 13, 1990.
Rehearing Denied December 19, 1990.
*370 Conrad, Scherer & James and Joseph S. Kashi, Fort Lauderdale, for appellants.
Hughes Hubbard & Reed and Herschel E. Sparks, Jr. and Jack Geckler, Miami, for appellees.
Before BASKIN, JORGENSON and GODERICH, JJ.
PER CURIAM.
The plaintiff, the Department of Insurance of the State of Florida [Department], appeals the trial court's order dismissing its complaint in eight of nine capacities. We affirm.
The Department filed an amended complaint against the accounting firm of Coopers & Lybrand [C & L] seeking damages for breach of contract, negligence, misrepresentation, and breach of fiduciary duty. In its complaint the Department set up causes of action accruing to it in nine distinct capacities: as the Department, as the court appointed receiver of the Insurance Exchange of the Americas; and as the court appointed receiver of seven different insurance syndicates. The causes of action accruing to the Department in each capacity were not set forth in separate counts or otherwise pleaded separately.
C & L responded to the amended complaint by filing an omnibus motion to dismiss and for a more definite statement. The trial court advised the parties that rather than dismissing the amended complaint, it would enter a final order dismissing the causes of action brought by the Department in eight of its nine capacities to facilitate an appeal. The trial court then directed the Department to choose in which capacity it would pursue in this action. In response, the Department chose to continue the lawsuit in its capacity as the court appointed receiver of the Insurance Exchange of the Americas. The trial court then dismissed the claims brought by the Department in its other eight capacities without prejudice to file separate actions on those claims. The Department appeals from the order dismissing its claims in eight of its nine capacities.
Rule 1.110(g), Florida Rules of Civil Procedure (1989) states in pertinent part: "A pleader may set up in the same action as many claims or causes of action or defenses in the same right as he has ...". This rule "forbids the joinder of causes which arise out of separate rights." Horowitz v. United Investors Corp., 227 So.2d 719, 721 (Fla. 3d DCA 1969), cert. denied, 237 So.2d 180 (Fla. 1970); see also General Dynamics Corp. v. Hewitt, 225 So.2d 561, 563 (Fla. 3d DCA 1969) (quoting 1 Am.Jur.2d Actions § 125 (1962)) ("One cannot in the same action sue in more than one distinct right or capacity."). Causes of action accruing to a plaintiff in different capacities must be brought separately regardless of whether or not the causes of action arise "out of the same occurrence because the respective causes of action are not `in the same right.'" Metropolitan Dade County v. Hicks, 323 So.2d 590, 591 (Fla. 3d DCA 1975) (citing Pensacola Elec. Co. v. Soderlind, 60 Fla. 164, 53 So. 722 (1910) and Latimer v. Sears Roebuck & Co., 285 F.2d 152 (5th Cir.1960)).
Upon a review of the amended complaint filed in the instant case, we find that the Department improperly attempted to sue in *371 more than one capacity in one lawsuit. The Department joined causes of action accruing to it in nine different capacities. Therefore, the trial court properly found that the Department could not sue in more than one capacity in the same action. The Department, as a party holding rights of action in separate capacities, must enforce those rights in separate actions. The trial court also correctly directed the Department to choose in which capacity it would pursue this action and dismissed the claims the Department elected not to pursue in this action without prejudice to the Department to institute separate actions on the dismissed causes of action. See Pensacola Elec. Co. v. Soderlind, 60 Fla. 164, 53 So. 722 (1910) (proper procedure is for party to elect which of improperly joined claims it wishes to proceed on in original suit); Karnegis v. Lazzo, 243 So.2d 642 (Fla. 3d DCA 1971) (trial court should have granted motion to dismiss, with leave to plaintiff to file amended complaint, and without prejudice to plaintiff to file separate action on cause of action not included in new amended complaint).
Affirmed.