# Third District Court of Appeal

## State of Florida

Opinion filed August 9, 2023.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D22-902
Lower Tribunal No. 16-11257

————————————

**Mary Djurasevic, etc., et al.,**
Appellants,

vs.

**Ronald Thompson, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Lourdes Simon, Judge.

McCarthy & Yersel, PLLC, and Martin G. McCarthy and Emre Yersel, for appellants.

Quaranta P.A., and John M. Quaranta and Natasha L. Biela, for appellees.

Before LOGUE, C.J., and HENDON and GORDO, JJ.

LOGUE, C.J.

Mary Djurasevic seeks review of the trial court's order denying her joinder motion. In her capacity as the surviving trustee of the revocable trust of Stanley Walker, Djurasevic sued Ronald and Linda Thompson to foreclose on their residence. The Thompsons had executed a promissory note and mortgage to Walker. Djurasevic alleged that the note and mortgage were assigned to Walker's revocable trust.

The parties filed competing motions for summary judgment. The Thompsons argued that Djurasevic, as the trustee, lacked standing, and she could only enforce the note and mortgage as executor of Walker's estate. Thereafter, Djurasevic filed a motion to amend her complaint to join herself in her individual capacity and in her capacity as executor of Walker's estate. The trial court denied the motion, ruling that joinder was improper because Djurasevic could not sue in separate capacities in a single suit.

Djurasevic contends this was error and argues she should have been permitted to bring suit in her three capacities—as trustee, executor, and individual—because she has the right to recover on the promissory note in each capacity. However, "a cause of action accruing to a plaintiff individually cannot be joined with one accruing to the plaintiff in a representative capacity although they rise out of the same occurrence because the respective

2

causes of action are not in the same right." Metro. Dade Cnty. v. Hicks, 323 So. 2d 590, 591 (Fla. 3d DCA 1975) (citation omitted).

An individual recovers in a personal capacity, whereas a representative recovers on behalf of another. Id. See also Pensacola Elec. Co. v. Soderlind, 53 So. 722, 724 (Fla. 1910). Thus, while the causes of action may result from the same transaction or occurrence, the right to relief differs. Hicks, 323 So. 2d at 591. See also Miami Dairy Farms, Inc. v. Tinsley, 155 So. 850, 851 (Fla. 1934) ("These recoveries are in different rights for distinct injuries, and the damages are determined upon evidence of a different nature; therefore two separate actions are provided for."). This "long established rule of law in Florida" requires us to affirm the trial court's denial of joinder. Hicks, 323 So. 2d at 591.

Djurasevic further contends that the trial court erred by not allowing her to elect the capacity in which she sought to sue when denying her request for joinder, relying on this Court's opinion in Department of Insurance of the State of Florida v. Coopers & Lybrand, 570 So. 2d 369 (Fla. 3d DCA 1990). Coopers & Lybrand, however, does not require a trial court to afford a plaintiff the choice of which capacity to sue. The Department in Coopers & Lybrand was only given this choice because it initially filed suit in all relevant capacities and the issue was before the trial court on a motion to dismiss. Id.

3

at 370-71. Here, in contrast, Djurasevic sought to join herself in separate capacities several years after she originally sued solely in her capacity as surviving trustee of Walker's revocable trust.

    Affirmed.