PER CURIAM.
This is an interlocutory appeal by the defendants below from an order denying their motions to dismiss and to strike portions of the amended complaint. The ap-pellee-plaintiff was a minority stockholder in the defendant corporation. The individual defendants owned the remainder of the stock, representing the majority interest. Plaintiff was secretary of the corporation. The individual defendants were officers and directors thereof. Alleging various actions and practices of the individual defendants which were financially detrimental to the corporation, including payment to themselves of excessive salaries, and alleging their negotiation of a proposed sale of all assets of the corporation to an outside party, at a price alleged to be less than the value thereof with separate financial benefits to accrue therefrom to the individual defendants, and which was alleged to be an indirect violation of an agreement between the stockholders against sale of stock without opportunity of stockholders to buy the same, proceeding by derivative stockholder action for the benefit of the corporation, the plaintiff sought accounting by the individual defendants to the corporation. Also, plaintiff personally sought accounting and damages from said defendants. In the amended complaint the two causes of action were not set forth in separate counts, or otherwise pleaded separately.
The defendants filed a lengthy motion to dismiss the amended complaint, contending generally that the allegations were insufficient upon which to predicate relief, and including a ground claiming improper join-der of causes of action. The defendants also filed a motion to strike certain portions of the amended complaint. The trial court denied the motions to dismiss and to strike, and the defendants appealed.
We uphold the order of the trial court to the extent that it constituted a ruling that the allegations of the amended complaint were sufficient to state the causes of action referred to above. However, on authority of General Dynamics Corporation v. Hewitt, Fla.App.1969, 225 So.2d 561, we are of the opinion that the trial court committed error in rejecting the ground of the motion to dismiss claiming' misjoinder of causes of action. On the authority of the cited cases, we hold that the trial court should have granted the motion to dismiss, with leave to the plaintiff to file an amended complaint setting forth either the derivative stockholder’s (corporation’s) cause of action or the plaintiff’s separate personal cause of action against the individual defendants, without prejudice to the plaintiff to file a separate action on the cause of action not so included' in such new amended complaint.
Accordingly, the order appealed from is affirmed in part and reversed in part, and the cause is remanded to the circuit court for further proceedings not inconsistent herewith.