510 So.2d 1125 (1987)
Manfred SCHATZ, Appellant,
v.
John WENAAS, Appellee.
No. 87-181.
District Court of Appeal of Florida, Second District.
August 5, 1987.
*1126 Anthony J. Gargano of Leasure & Gargano, P.A., Fort Myers, for appellant.
No appearance for appellee.
PER CURIAM.
Appellant, Manfred Schatz, appeals an order awarding attorney's fees and related expenses to appellee, John Wenaas pursuant to section 57.105, Florida Statutes (1986). We reverse.
This appeal arose out of an action brought by Jane Morgan to determine the paternity of her minor child. Morgan alleged that Schatz was the father of the child and attached the results of a human leukocyte antigen (HLA) and red blood cell antigen test to her pleadings. The test results indicated a 93.2% probability that Schatz was the father of the child. Schatz denied that he was the father and affirmatively alleged that during the material time period, Morgan had intercourse with other men. Schatz then filed a third party complaint against Wenaas. The complaint, seeking declaratory relief, alleged that Wenaas was the father of the child. The record also contains an affidavit executed by Schatz in which he states that he believed Wenaas was the father and that he had personal knowledge that Morgan and Wenaas were "in bed together" during the period of time that the child was conceived. After subsequent paternity tests indicated that Wenaas was not the child's father and that a 99.8% probability existed that Schatz was the father, Schatz voluntarily dismissed his third party complaint against Wenaas with prejudice. Wenaas's subsequent motion for attorney's fees pursuant to section 57.105 was granted, and Schatz filed a timely notice of appeal from the court's order awarding those fees and other expenses.
Schatz contends that justiciable issues existed at the time he filed his action against Wenaas and that, therefore, the court erred in awarding attorney's fees to Wenaas. We agree.
At the time the third party complaint was filed, Schatz had personal knowledge that Morgan had "been in bed" with Wenaas during the period of time that the child had been conceived, and he believed Wenaas was the father. Furthermore, before a human leukocyte antigen or other scientific test raises a rebuttable presumption of paternity, the statistical probability of paternity must equal or exceed ninety-five per cent. If it is less than ninety-five per cent, as in this case, no presumption arises, and although the results are admissible, they should only be weighed along with other evidence. § 742.12, Fla. Stat. (1986). Here, the results of the first test performed indicated only that there was a 93.2% probability that Schatz was the child's father. At the time the action was commenced, therefore, it was not so clearly devoid of merit both on the facts and the law as to make it completely untenable, and the court erred in awarding attorney's fees. Ferm v. Saba, 444 So.2d 976 (Fla. 2d DCA 1983).
Upon receiving the second test results indicating that Wenaas was not the father, Schatz dismissed the action with prejudice. Events occurring during the course of litigation which reveal that the action is no longer sustainable do not necessarily convert a case into one in which fees should be awarded under section 57.105, and did not do so in this case. See Greater Clearwater Chamber of Commerce, Inc. v. Modern Graphic Arts, Inc., 464 So.2d 594 (Fla. 2d DCA 1985).
*1127 We, accordingly, reverse the trial court's order awarding attorney's fees and related expenses. In light of the foregoing, we need not address the other points raised by Schatz.
Reversed.
CAMPBELL, Acting C.J., and SCHOONOVER and HALL, JJ., concur.