SCHWARTZ, Chief Judge.
The appellants are holders of preferred stock in American Savings & Loan Association of Florida (ASL). They brought consolidated class actions for themselves and the remaining preferred shareholders[1] to secure damages which were allegedly caused those stockholders by a 1987 merger of ASL into other corporations. The merger resulted in the survival of the ASL entity with a markedly altered equity and corporate structure. The plaintiffs sued ASL itself and its officers and directors on two separate, but related theories:
(a) It was claimed that the fact that under the terms of the merger, the preferred stock no longer bore a right of conversion into common stock violated the corporation’s prior agreement that the preferred carry the convertibility feature.
(b) It was alleged that the merger arrangement undertaken by the ASL officers and directors, which allegedly had the effect of unjustifiably decreasing the value of the preferred stock, was in breach of the fiduciary duty they owed that, as every other, class of shareholders. Liebschutz v. Schaffer Stores Co., 276 A.D. 1, 93 N.Y.S. 2d 125 (1949); see Security Nat’l Bank v. Peters, Writer & Christensen, Inc., 39 Colo.App. 344, 569 P.2d 875 (1977).
Without reaching the merits of these contentions in any way, the trial judge held that the cases could not be maintained, as they had been asserted, as “direct” actions against the corporation and its officers and directors, and, contrariwise, that they were cognizable only as derivative actions subject to the requirements of section 607.147, Florida Statutes (1987), with which the plaintiffs did not comply. Accordingly, the amended complaints were dismissed without prejudice to the filing of derivative actions. The plaintiffs appeal from this order and we reverse.
In our view, it is clear that both causes of action asserted below are direct and individual rather than derivative in nature. As the distinction between the two types of actions has been simply but accurately expressed,
[a] derivative suit [is] defined as an action in which a stockholder seeks to enforce a right of action existing in the corporation. Conversely, a direct action, or as some prefer, an individual action, is a suit by a stockholder to enforce a right of action existing in him. What these definitions attempt to convey is that a stockholder may bring a suit in his own right to redress an injury sustained directly by him and which is separate and distinct from that sustained by other stockholders, (footnotes omitted)
8 Fla.Jur.2d Business Relationships § 361 (1978); see Alario v. Miller, 354 So.2d 925 (Fla. 2d DCA 1978); Citizens Nat’l Bank v. Peters, 175 So.2d 54 (Fla. 2d DCA 1965). *608 See generally 12B W. Fletcher, Cyclopedia of the Law of Private Corporations § 5908 (rev. perm. ed. 1984). Each aspect of the present case falls decisively on the direct-individual side of this dichotomy.
From the plaintiffs’ point of view, the claims involve allegations of injury to their separate, individualized interests as preferred shareholders alone which would necessarily inure to their own benefit, rather than — as is true of a derivative claim — that of the corporation itself. Carrying the argument one step further, far from requiring the corporation to make its own claim by asserting that claim on its behalf, which is the essential object of a derivative action, Koster v. Lumbermens Mut. Casualty Co., 330 U.S. 518, 523, 67 S.Ct. 828, 831, 91 L.Ed. 1067, 1073 (1947); Lynam v. Livingston, 257 F.Supp. 520, 524 (D.Del.1966); see Talcott, Inc. v. McDowell, 148 So.2d 36 (Fla. 3d DCA 1962); see also 12B W. Fletcher, Cyclopedia of the Law of Private Corporations § 5908, and cases cited, ASL is, as to the breach of contract action, actually the adverse party which must pay it if it loses. And, with respect to the claim against the officers and directors as fiduciaries, it can in no sense be said that the corporation qua corporation has been harmed by those allegedly wrongful actions, so as to invoke the “derivative” doctrine which has as its foundation the redress of such a corporate injury.
From every point of view, therefore, this cause is correctly maintained as an individual or direct action for the benefit of those purportedly harmed, the preferred shareholders, and is therefore necessarily not one which may, much less must, be brought on behalf of the corporation as a derivative case. Eisenberg v. Flying Tiger Line, Inc., 451 F.2d 267 (2d Cir.1971) (action against directors for violation of alleged duty owed individually to stockholders not to merge corporation maintainable as direct action); Jones v. H.F. Ahmanson & Co., 1 Cal.3d 93, 81 Cal.Rptr. 592, 460 P.2d 464 (1969) (suit against majority shareholders for decreased value of stock not derivative); Lipton v. News Int’l, PLC, 514 A.2d 1075 (Del.1986) (allegations against corporations and their officers and directors for deprivation of voting rights and waste of corporate assets created individual causes of action); Witherbee v. Bowles, 201 N.Y. 427, 95 N.E. 27 (1911) (complaint to set aside sale of corporate stock and acts of directors states causes of action for injury to stockholders individually); Lehrman v. Godchaux Sugars, Inc., 207 Misc. 314, 138 N.Y.S.2d 163 (Sup.Ct.1955) (alleged wrongful recapitalization personal right belonging to stockholder); Reifsnyder v. Pittsburgh Outdoor Advertising Co., 405 Pa. 142, 173 A.2d 319 (1961) (shareholder may bring direct action to protect voting rights). See generally Karnegis v. Lazzo, 243 So.2d 642 (Fla. 3d DCA 1971) (allegations of both individual and derivative claims sufficient to state separate causes of action). The trial judge erred in ruling to the contrary.
As we have noted, the lower court reached neither the legal nor the factual validity of the claims asserted. The appel-lees, however, ask us to consider these questions initially on appeal under the doctrine that we may affirm if the lower court has reached the correct result for an incorrect reason. We decline this invitation. Instead we invoke the rule, one which seems especially appropriate in this difficult and esoteric field, that:
appropriate principles of appellate deci-sionmaking dictate that we have the benefit of [these questions] having been first considered and decided by the lower court. See Aetna Cas. & Surety Co. v. Flowers, 330 U.S. 464, 468, 67 S.Ct. 798, 800, 91 L.Ed. 1024, 1027 (1947); United States v. Ballard, 322 U.S. 78, 88, 64 S.Ct. 882, 887, 88 L.Ed. 1148, 1154 (1944).
City of Coral Gables v. Puiggros, 376 So.2d 281, 285 (Fla. 3d DCA 1979); Vaughan v. Progressive American Ins. Co., 435 So.2d 889, 891 (Fla. 1st DCA 1983); see City of Miami v. Gates, 393 So.2d 586, 589 n. 9 (Fla. 3d DCA 1981), review denied, 402 So.2d 608 (Fla.1981). The trial court should thus first determine these issues as *609 they may be appropriately presented after remand.
Accordingly, the final order below is reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.

. The defendants make no challenge to the maintenance of this case as a class action.