SCHOONOVER, Chief Judge.
The appellant, Richard L. Ware, challenges orders awarding attorney’s fees to the appellees, Land Title Company of Florida, Inc., and Sharon L. Williams. We reverse.
The trial court, after dismissing the appellant’s complaint with prejudice, entered an order awarding attorney’s fees to Land Title Company of Florida, Inc. and another order awarding attorney’s fees to Sharon L. Williams. Both awards were based upon section 57.105(1), Florida Statutes (1989). The appellant filed timely notices of appeal from each of the orders, and the appeals have been consolidated.
The appellant does not contend that the trial court erred in dismissing his complaint with- prejudice because it did not state a cause of action against the appel-lees. He does, however, contend that the court erred in awarding attorney’s fees to the appellees. We agree.
Before attorney’s fees can be awarded to the prevailing party under section 57.105(1), the court must find an absence of any justiciable issue of either law or fact raised by the complaint or defense of the losing party. This finding must be express and without it an order awarding such fees is technically deficient and must be reversed. Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501 (Fla.1982); *47 Maryland Casualty Ins. Co. v. Semmer Elec., Inc., 535 So.2d 670 (Fla.2d DCA 1988); Apgar & Markham Constr., Inc. v. Macasphalt, Inc., 424 So.2d 41 (Fla.2d DCA 1982). The orders in this case did not contain the necessary findings and, therefore, were deficient.
We, accordingly, reverse and remand with directions to make an appropriate finding based on the record. If the court expressly finds the absence of any justicia-ble issue of either law or fact, it may reassess attorney’s fees, but in doing so must follow the dictates of Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), holding modified by Standard Guaranty Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990).
Reversed and remanded.
RYDER and ALTENBERND, JJ., concur.