587 So.2d 636 (1991)
Beverly MITCHELL, Appellant,
v.
SCHINDLER HAUGHTON ELEVATOR COMPANY, etc., et al., Appellees.
No. 91-989.
District Court of Appeal of Florida, Third District.
October 15, 1991.
Jeffrey C. Fox, North Miami, for appellant.
Carman, Beauchamp & Sang and J. Gordon Rothwell, Deerfield Beach, Barwick, Dillian & Lambert and Thomas E. Ice, Miami Shores, for appellees.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
PER CURIAM.
This is an appeal of an award of attorney's fees pursuant to section 57.105, Florida Statutes (1989). We reverse.
One day before the statute of limitations expired, appellant, plaintiff below, filed a negligence action against appellees, defendants below, based on an elevator accident. Allegations of these two defendants' negligence were based on the deposition, taken almost two years previous to the action's filing, of a security guard at the facility where the elevator was located who stated that he had seen Miami Elevator and Otis "out there [at the facility] once or twice." Defense counsel answered the complaint, citing numerous defenses. Moreover, the defendants soon after advised plaintiff by letter that they had nothing to do with the elevator involved in the incident. Plaintiff nevertheless maintained the action pending final verification of defendants' claim. Otis and Miami Elevator filed motions for summary judgment and for assessment of attorney's fees. Plaintiff then filed a notice of voluntary dismissal. The motion for attorney's fees was granted. Rehearing was denied and this appeal followed.
Plaintiff contends that it was error to award attorney's fees since the suit against the defendants was based, in good faith, on the testimony of an independent witness. Plaintiff contends that although these defendants were subsequently found to have been misidentified by the witness, they were properly joined initially. For their part, defendants claim that attorney's fees were rightly awarded since plaintiff's suit was frivolous because counsel failed to perform any pre-suit investigation to determine which of four elevator companies installed and maintained the subject elevator.
We reverse the attorney fee award because we cannot say that the facts demonstrate a total lack of a justiciable issue at the time suit was filed which would support a finding that the action was frivolous. E.g., Muckenfuss v. Deltona Corp., 508 So.2d 340 (Fla. 1987); Whitten v. Progressive *637 Cas. Ins., 410 So.2d 501 (Fla. 1982); Personnel One, Inc. v. John Sommerer and Co., 564 So.2d 1217 (Fla.3d DCA 1990). In the instant case, sworn deposition testimony taken prior to suit being filed clearly indicated that both Otis and Miami Elevator were proper defendants. Thus, in the initial pleading stages and until it was established to the contrary through affidavits filed in the record, there was sufficient indication that the defendants were involved in this accident and were thus properly joined in the suit. McHan v. Huggins, 459 So.2d 1172 (Fla. 5th DCA 1984); Stevenson v. Rutherford, 440 So.2d 28 (Fla. 4th DCA 1983). The fact that subsequent discovery revealed that neither defendant was involved in the accident does not constitute sufficient basis for an award of attorney's fees pursuant to section 57.105. Greater Clearwater Chamber of Commerce v. Modern Graphic Arts, 464 So.2d 594 (Fla. 2d DCA 1985); Klein v. Layne, Inc., 453 So.2d 203 (Fla. 4th DCA 1984).
Based on the foregoing, the attorney's fees award is reversed.