ALTENBERND, Acting Chief Judge.
The plaintiffs appeal an order awarding attorney’s fees in favor of Turner Cattle Company (Turner Cattle) pursuant to section 57.105, Florida Statutes (1991), in this wrongful death and personal injury action. We reverse. Although Turner Cattle prevailed on its motion for summary judgment, the personal representative’s action was not frivolous at its inception. See Huie v. Dent & Cook, P.A, 635 So.2d 111 (Fla. 2d DCA 1994).
On January 30, 1992, at approximately midnight, Harold Noggle was driving his car on U.S. Highway 17, less than a mile north of Arcadia, Florida. His son, Daniel, was a passenger in the car. The car struck a bull that was standing on the highway. Mr. Nog-gle and his son were injured in the accident, and Mr. Noggle died two weeks later.
*620 Although the bull had been buried shortly after the accident, the Florida Highway Patrol exhumed the carcass and began an investigation after Mr. Noggle died. It established that the bull probably had been owned by Collier Ranch when it was younger. Collier had previously sold bulls to Turner Cattle. Turner Cattle owned property in the immediate area of the accident and was the only nearby landowner with bulls. Phillip Turner denied the bull belonged to his company, but apparently the company lacked records and a system of identification that would have provided a conclusive census of its bulls. Mr. Turner never saw the carcass, but claimed it was not his bull because it did not have a Turner Cattle earmark. Even though one of the ears had a flytag that might have assisted in tracking down the owner, the highway patrol disposed of the bull’s ears during its investigation because the troopers found no markings that they believed to be relevant to the issue of ownership. The highway patrol never reached a final conclusion concerning the ownership of the bull.
When the plaintiffs filed their lawsuit, they alleged that the bull belonged to Turner Cattle and was on the road in the middle of the night due to Turner Cattle’s negligence. After considerable discovery, the plaintiffs were not able to establish that the bull belonged to Turner Cattle or that the bull had escaped as a result of Turner Cattle’s negligence. Because the plaintiffs had only circumstantial evidence from which these two essential elements of their case might be inferred, the trial court granted a summary judgment, which this court upheld without a written opinion. Noggle v. Turner Cattle Company, 643 So.2d 1089 (Fla. 2d DCA 1994). See Beaver v. Howerton, 228 So.2d 62 (Fla. 2d DCA 1969); Food Fair Stores, Inc. v. Trusell, 131 So.2d 730 (Fla.1961).
Without any request from the defendant, the trial court also included language in its summary judgment stating that the action was frivolous. This finding was not material to the summary judgment or to any issue that was ripe for review during the last appeal. See McIlveen v. McIlveen, 644 So.2d 612 (Fla. 2d DCA 1994); Winkelman v. Toll, 632 So.2d 130 (Fla. 4th DCA 1994). After mandate issued, the trial court relied upon this language in its prior order to award fees without determining whether the action was frivolous at its inception.
The record clearly establishes that the plaintiffs sustained serious injuries because someone’s bull was on the highway. The plaintiffs had a reasonable basis to believe that Turner Cattle owned the bull Especially in light of the inconclusive investigation performed by the highway patrol and the incomplete records maintained by Turner Cattle, Ms. Noggle should not be assessed attorney’s fees for filing a lawsuit and performing discovery in an effort to prove that Turner Cattle was the party responsible for her husband’s death. Her efforts were unsuccessful, but they were far from frivolous. Accordingly, we reverse the award of attorney’s fees, pursuant to section 57.105, in favor of Turner Cattle.
Reversed.
BLUE and QUINCE, JJ., concur.