696 So.2d 384 (1997)
SIMKINS INDUSTRIES, INC., a Delaware corporation d/b/a Westfield Financial Corporation, Appellant,
v.
LAWYERS TITLE INSURANCE CORPORATION, a Virginia Corporation and Marvin M. Green, an individual, Appellees.
No. 96-1437.
District Court of Appeal of Florida, Third District.
May 21, 1997.
Rehearing Denied July 23, 1997.
Spector Gadon & Rosen and Daniel J. Dugan and Shona K. Gibson, Philadelphia, PA; Charles H. Gelman, Miami, for appellant.
Thomas E. Kingcade, West Palm Beach; Kubicki Draper and David B. Pakula and Caryn Bellus-Lewis, Miami, for appellees.
Before COPE, GERSTEN and SORONDO, JJ.
SORONDO, Judge.
Simkins Industries, Inc., (Simkins), appeals a final judgment taxing attorney's fees *385 in favor of Lawyers Title Insurance Corp., (Lawyers Title), and Marvin M. Green, (Green). The facts of the case follow:
In September of 1987, Green issued a title insurance commitment as agent for Lawyers Title to Simkins' predecessor in interest, Westfield Financial Corporation, (Westfield). On October 7, 1987, Green issued an endorsement which amended the original commitment to include an exception for two municipal resolutions in favor of the City of Kissimmee. On October 9, 1987, Green issued a title insurance policy, which included the exceptions from title coverage, and the mortgage was recorded the same day. In the summer of 1992, after notifying Simkins of the assessment lien on the property, the City of Kissimmee began foreclosure proceedings due to nonpayment of the assessment. On January 15, 1993, Simkins filed a complaint against Green and Lawyers Title; the second amended complaint alleged that they failed to disclose the municipal resolutions and to follow the closing instructions to insure that the mortgage was a first lien on the property. Green and Lawyers Title raised the statute of limitations as an affirmative defense and filed motions for summary judgment which were granted by the trial court. The summary judgments were affirmed per curiam by this court. Simkins Indus., Inc. v. Lawyers Title Ins. Corp., 673 So.2d 577 (Fla. 3d DCA 1996). On April 29, 1996, the trial court entered two final judgments awarding attorney's fees to Green and Lawyers Title in the amount of $15,200 each pursuant to § 57.105, Fla.Stat. (1995). Simkins appeals the propriety of the attorney's fee awards.
The dispositive issue in this case was whether the cause of action accrued at the time Green issued the endorsement which amended the original commitment to include the exceptions noted above in October of 1987, or, as argued by Simkins, at the time the City of Kissimmee began its foreclosure action in the summer of 1992. As noted above the trial court ruled in favor of Green and Lawyers Title on this issue and this Court affirmed. The fact that Simkins did not prevail on this issue alone, however, does not mean that Green and Lawyers Title would be entitled to attorney's fees under § 57.105 Florida Statutes. In order to be eligible for such attorney's fees under this section the cause of action must have been frivolous at its inception. Berman and Feldman v. Winn Dixie, Inc., 684 So.2d 320 (Fla. 4th DCA 1996); Lambert v. Nelson, 573 So.2d 54 (Fla. 1st DCA 1990); Schwartz v. W-K Partners, 530 So.2d 456 (Fla. 5th DCA 1988); Schatz v. Wenaas, 510 So.2d 1125 (Fla. 2d DCA 1987); Klein v. Layne, Inc. of Florida, 453 So.2d 203 (Fla. 4th DCA 1984).
In Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla.1982), the Supreme Court of Florida stated that "as a prerequisite to an award of attorney's fees under § 57.105, the court must find `a complete absence of a justiciable issue of either law or fact raised by the losing party'." Whitten, 410 So.2d at 505. The Court went on to say that a trial court's conclusion that there is a total lack of a justiciable issue is appropriate where the attempt to create a controversy is frivolous. The Court concluded that the definition of "frivolous appeal" was the most analogous to a definition of the term "frivolous" for this determination.
A frivolous appeal is not merely one that is likely to be unsuccessful. It is one that is so readily recognizable as devoid of merit on the face of the record that there is little, if any, prospect whatsoever that it can ever succeed. It must be one so clearly untenable, or the insufficiency of which is so manifest on a bare inspection of the record and assignments of error, that its character may be determined without argument or research. An appeal is not frivolous where a substantial justiciable question can be spelled out of it, or from any part of it, even though such question is unlikely to be decided other than as the lower court decided it, i.e., against appellant or plaintiff in error.
Id. Based on this definition, we cannot conclude that Simkins' claim was frivolous when filed. Although it is clear that the statute of limitations begins to run from the time the cause of action accrues, § 95.031, Fla.Stat. (1989), Bauld v. J.A. Jones Constr. Co., 357 So.2d 401 (Fla.1978), in this case that determination was not so clear as to render the *386 lawsuit frivolous at its inception for purposes of granting attorney's fees under § 57.105. We note that although the affirmative defense of statute of limitations was timely raised in this case, Green and Lawyers Title conducted discovery for two years before filing their motion for summary judgment. It is inconceivable that such intensive and prolonged discovery and preparation[1] would be necessary to establish that Simkins' cause of action was "so clearly untenable," or that its insufficiency was "... so manifest on a bare inspection of the record ... that its character [could] be determined without argument or research." Whitten, supra. The fact that subsequent discovery established that there was no justiciable issue does not justify the award under review. Noggle v. Turner Cattle Co., 656 So.2d 619 (Fla. 2d DCA 1995); Mitchell v. Schindler Haughton Elevator Co., 587 So.2d 636 (Fla. 3d DCA 1991); Goldstein v. Richter, 538 So.2d 473 (Fla. 4th DCA 1989); Stevenson v. Rutherford, 440 So.2d 28 (Fla. 4th DCA 1983).
Reversed.
GERSTEN, J., concurs.
COPE, J., dissents.
COPE, Judge (dissenting).
The trial court correctly applied subsection 57.105(1), Florida Statutes, to this case and the judgment should be affirmed.
NOTES
[1] Counsel for Green and Lawyers Title each submitted affidavits claiming 185 hours of work on this case.