696 So.2d 1254 (1997)
Raymond A. HAAS, Appellant,
v.
Michael ROE and Joseph Patsko, Appellees.
No. 97-00143.
District Court of Appeal of Florida, Second District.
June 27, 1997.
Rehearing Denied July 24, 1997.
Kevin H. O'Neill of Haas, Ramey & Beik, Tampa, for Appellant.
Joseph T. Patsko and Michael A. Roe, pro se.
PER CURIAM.
This case arises from a dispute among the shareholders of the law firm Haas, Austin, Ley, Roe & Patsko, Inc. (the firm). Events occurring after the first dismissal with leave to amend of the appellant's multi-count complaint form the basis of this appeal. The two judgments under review award attorney's fees pursuant to section 57.105, Florida Statutes (1995): one in the amount of $2,660 to Joseph Patsko in his capacity as an individual shareholder, and the other in the amount of $6,440 to Michael Roe, also in his capacity as an individual shareholder. We have jurisdiction to review the two final orders. See Fla. R.App. P. 9.110(a)(1).[1]
*1255 The appellant sued the firm and various other individual shareholders of the firm in early 1996. The complaint alleged that in 1994 the appellant resigned from the firm, which he had founded in 1991. The complaint sought equitable relief, damages in the amount of $150,000, and the appointment of a receiver, among other bases for relief. Some of the wrongful acts asserted in the complaint included the denial of access to corporate records, the failure of the individual shareholders to buy the appellant's interest in the firm, the various breaches of the shareholders' agreement including but not limited to the failure of the shareholders to manage the real property owned by the firm, and the refusal to account for and the conversion of monies owed to the appellant. Mr. Patsko and Mr. Roe filed separate motions to dismiss alleging in a general, boiler-plate fashion that the complaint failed to state a cause of action and constituted a sham pleading "only intended to harass" in violation of section 57.105. Neither motion alluded to the misjoinder of causes of action.
The trial court granted the motions to dismiss, along with all the other motions to dismiss brought by other defendants who are not parties to this appeal, with leave to amend. The appellant elected to amend the complaint to sue only the firm and chose not to sue any of the individual defendants in any capacity. Mr. Patsko and Mr. Roe then each filed a motion for entitlement to fees pursuant to section 57.105 based on the appellant's decision not to sue either of them in the amended complaint. After minimal argument, the trial court granted the motions for entitlement to fees in their capacity as individual defendants only.[2]
At the evidentiary hearing on the amount of the fees, the appellant's expert testified, in the context that the fees sought were too great, that case law and the rules of civil procedure disallow a plaintiff from filing "basically a shareholders' derivative action and a direct action" in the same lawsuit. In support of his stance on lower fees, he described the principle of misjoinder of causes of action, or the inability of a plaintiff to sue in different capacities in the same lawsuit. See Department of Ins. v. Coopers & Lybrand, 570 So.2d 369, 370 (Fla. 3d DCA 1990) (trial court properly permitted department option to choose one of nine capacities it sued in to continue in pending lawsuit, and properly dismissed remaining eight claims without prejudice to raising them in separate actions); Karnegis v. Lazzo, 243 So.2d 642 (Fla. 3d DCA 1971) (plaintiff may not by shareholders' derivative action seek in same lawsuit accounting from corporation when he personally sought accounting and damages from majority stockholders, officers, and directors; trial court should have granted motion to dismiss with leave to file an amended complaint asserting either the derivative or personal claim, and without prejudice to file a separate action asserting the other); General Dynamics Corp. v. Hewitt, 225 So.2d 561, 563 (Fla. 3d DCA 1969); County of Sarasota v. Wall, 403 So.2d 500 (Fla. 2d DCA 1981) (citing General Dynamics with approval for the proposition that filing a separate suit as to an action brought in a different capacity is proper); 1 Am.Jur.2d Actions § 94 (1994) ("One cannot in the same action sue in more than one distinct right or capacity" citing Coopers & Lybrand); Fla. R. Civ. P. 1.110(g) ("A pleader may set up in the same action as many claims or causes of action ... in the same right as he has ...") (emphasis added).
*1256 After intense questioning by opposing counsel, the appellant's expert never wavered in his testimony that while it may have been wrong for the causes of action to be joined in one lawsuit, two separate claims existed that could be brought by the appellant in two separate lawsuits. At the continuation of the hearing, the appellant's counsel argued that although his own expert admitted that the claims should not have been joined, the claims were unquestionably tenable. The trial court disagreed, stating that the lawsuit was "procedurally untenable." Neither the appellant's counsel nor his expert ever changed their positions that the claims remained viable. The court, nevertheless, held fast to its initial ruling on entitlement to fees and chose to grant the full amount sought by Mr. Patsko and Mr. Roe. In entering final judgments as to the fees, the court erred in two respects.
First, the final judgments, as the order granting entitlement to the fees, were technically deficient in that neither contained any language expressly finding that there was a complete absence of a justiciable issue of either law and fact raised by the complaint. See Hirtreiter v. Donovan, 594 So.2d 342 (Fla. 2d DCA 1992); see also Ware v. Land Title Co. of Fla., Inc., 582 So.2d 46 (Fla. 2d DCA 1991); Apgar & Markham Constr. of Fla., Inc. v. Macasphalt, Inc., 424 So.2d 41 (Fla. 2d DCA 1983). We note, however, that the appellant did not raise this issue until he filed his reply brief. In any event, even if the trial court had issued an order or judgment with the technically correct wording, we cannot ignore the second, substantive basis warranting reversal.
Section 57.105 and the case law interpreting it set forth the necessary test for determining entitlement to fees. Section 57.105, Florida Statutes (1995), titled "Attorney's fee" provides in subsection (1) in pertinent part:
The court shall award a reasonable attorney's fee to the prevailing party ... in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint ...
In Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla.1982), the court likened the language of the statute to its definition of a frivolous appeal found in Treat v. State ex rel. Mitton, 121 Fla. 509, 510-511, 163 So. 883, 883-884 (1935), that the case would be "one so clearly untenable, ..., that its character may be determined without argument or research." Since Whitten, the supreme court has consistently held that fees pursuant to section 57.105 should not be awarded unless the court finds "a total or absolute lack of a justiciable issue, which is tantamount to a finding that the action is frivolous ... and so clearly devoid of merit both on the facts and the law as to be completely untenable." Muckenfuss v. Deltona Corp., 508 So.2d 340, 341 (Fla.1987) (quoting Whitten, 410 So.2d at 505). District courts have followed the dictates of the supreme court and held such fees to be proper only "where the action is so completely devoid of merit both on the facts and the law as to be completely untenable." Rojas v. Drake, 569 So.2d 859, 860 (Fla. 2d DCA 1990); see also Bronson v. Bronson, 685 So.2d 994, 995 (Fla. 5th DCA 1997) (trial court improperly applied stringent frivolous suit standard to claim for fees under civil theft statute; "a defendant is entitled to an award of attorney's fees only if there is a complete lack of justiciable issue which renders the action completely untenable" citing to Ciaramello v. D'Ambra, 613 So.2d 1324, 1325 (Fla. 2d DCA 1991), review denied, 599 So.2d 654 (Fla.1992)). Not only does the supreme court adhere to the standard that the action be "completely untenable," but we note that the court appears to construe the statute to apply to situations in which both the law and (not or) the facts create a complete lack of justiciable issue.
The point in time to assess whether the granting of fees pursuant to section 57.105 is appropriate is at the lawsuit's inception, or in other words, at the time of the filing of the complaint. See Huie v. Dent & Cook, P.A., 635 So.2d 111, 113 (Fla. 2d DCA 1994); Simkins Industries, Inc. v. Lawyers Title Ins. Co., 696 So.2d 384 (Fla. 3d DCA 1997) (determination of whether statute of limitations had run at time of filing of lawsuit for purposes of granting 57.105 fees "was not so clear as to render the lawsuit frivolous" where although statute of limitations had been raised as affirmative defense, recipients *1257 of fees had conducted discovery for two years before filing a motion for summary judgment based on the statute of limitations).
At the inception of this case, we do not consider the misjoinder of derivative and individual claims brought by the appellant so flagrant as to render the action "completely untenable" in the context of awarding frivolous suit fees. If the misjoinder issue could have been determined so readily "without argument or research," neither Mr. Patsko or Mr. Roe did so. Neither cited misjoinder as a basis for dismissal in their motions to dismiss or at the initial hearing. It was not until the appellant's own expert, a commercial litigator of thirteen years, testified that the fees sought were exorbitant because the most simple reason for dismissal was misjoinder of claims, that anyone involved in this suit recognized the error in the first and only complaint which had been filed. As cited above, case law permits a plaintiff to refile the improperly joined claims in separate suits. In the words of the Simkins court, "[i]t is inconceivable that such intensive and prolonged ... preparation would be necessary to establish that [their] cause of action was `so clearly untenable,' or that its insufficiency was `... so manifest on a bare inspection of the record ... that its character [could] be determined without argument or research.'" Simkins, 696 So.2d at 386 (quoting Whitten).
Our application of the law to this case leads us to the inescapable conclusion that "procedurally untenable," as enunciated by the trial court, does not equate with "completely untenable," as interpreted by the appellate courts of this state. Because the filing of the initial complaint was not "completely untenable," the judgments for fees must be reversed. We therefore need not address whether the amount of fees awarded was reasonable.
Reversed and remanded.
SCHOONOVER, A.C.J., and LAZZARA and QUINCE, JJ., concur.
NOTES
[1] The appellant filed this appeal as one from two nonfinal orders, citing to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv), McIlveen v. McIlveen, 644 So.2d 612 (Fla. 2d DCA 1994), and Winkelman v. Toll, 632 So.2d 130 (Fla. 4th DCA 1994). We disagree that the two judgments for attorney's fees are nonfinal. Both judgments contain the words of finality "for which let execution issue" and both judgments appear final in all respects. See McGurn v. Scott, 596 So.2d 1042, 1044-1045 (Fla.1992). In this case, the judicial labor had ended as to Mr. Patsko and Mr. Roe. See Port Everglades Auth. v. International Longshoremen's Ass'n, Local 1922-1, 652 So.2d 1169, 1172 (Fla. 4th DCA 1995) (citing S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 99 (Fla.1974), and McGurn).
[2] Although the order granted the motions for entitlement to fees and contained the phrase "pursuant to section 57.105," it did not contain express language that there was an absence of any justiciable issue of either law or fact raised by the complaint. See, e.g., Ware v. Land Title Co. of Fla., Inc., 582 So.2d 46 (Fla. 2d DCA 1991) (order awarding attorney's fees based on section 57.105 was technically deficient without express finding of absence of any justiciable issue of either law or fact raised by complaint); Apgar & Markham Constr. of Fla., Inc. v. Macasphalt, Inc., 424 So.2d 41 (Fla. 2d DCA 1983) (order granting motion for fees "pursuant to section 57.105" without additional finding of absence of any justiciable issue of either law or fact, insufficient to overcome "technically deficient" standard espoused in Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla.1982)). The order was not appealable, however, because the amount of attorney's fees, which had not yet been determined, was not set forth in the order. See McIlveen; Winkelman.