THREADGILL, Judge.
In case number 96-04507, the city of St. Petersburg appeals an order granting summary judgment and dismissing its complaint with prejudice on the ground it was barred by the statute of limitations. In the consolidated appeal, case number 97-00162, the city challenges an order awarding attorney’s fees and costs in favor of S & E Contractors pursuant to section 57.105(1), Florida Statutes (1995). We affirm the order in case number 96-04507 without discussion, but we reverse the order in ease number 97-00162, which awards attorney’s fees and costs.
*1322 For attorney’s fees to be awarded under section 57.105(1), it must be clear at the time the cause of action is commenced that the action is so clearly devoid of merit as to make it completely untenable. See Schatz v. Wenaas, 510 So.2d 1125 (Fla. 2d DCA 1987). Here, in finding a complete absence of any justiciable issue, the trial court noted that it was apparent from the city’s own records that the action was time barred. As noted by this court in Solimando v. Aloha Medical Center, 594 So.2d 850, 852 (Fla. 2d DCA 1992), however, the statute of limitations is an affirmative defense that can be waived after the filing of the complaint. Nothing in the record indicates that at the time the city filed the complaint it knew S & E Contractors would raise that defense. We therefore reverse the order awarding attorney’s fees and costs.
Affirmed in part; reversed in part.
DANAHY, A.C.J., and BLUE, J., concur.