801 So.2d 169 (2001)
John SMALBEIN, Appellant,
v.
VOLUSIA COUNTY SCHOOL BOARD, Appellee.
No. 5D00-3183.
District Court of Appeal of Florida, Fifth District.
November 30, 2001.
Frederick C. Morello, Andrew C. Gust, and Azim Saju of Frederick C. Morello, P.A., Daytona Beach, for Appellant.
Charles D. Hood, Jr. and K. Judith Lane of Smith, Hood, Perkins, Loucks, Stout & Orfinger, P.A., Daytona Beach, for Appellee.
PETERSON, J.
John Smalbein appeals a summary judgment granted in favor of the Volusia County School Board (VCSB). Smalbein contends that he has a "valid claim" under section 440.205, Florida Statutes (1995), and the VCSB wrongfully retaliated against him for having filed a claim for workers' compensation benefits. He alleges that the method of retaliation was the removal of his name from a substitute teacher list.
Smalbein suffered injuries in a 1999 traffic accident that he claimed were work *170 related. The Judge of Compensation Claims (JCC) in his workers' compensation case found that Smalbein's injuries were not compensable due to the "going and coming rule," that is, the accident occurred while he was traveling to or from his place of employment and that the travel was not part of his duties.[1] Based on this finding, VCSB moved for summary judgment arguing that the trial court in the instant action was bound by the JCC's factual determinations. VCSB also argued that because the JCC found Smalbein's claim not compensable, the claim was invalid. Smalbein argued that validity was not the equivalent of compensability and that the JCC's determinations were not binding on the trial court in the instant retaliation action. The trial court agreed with VCSB and granted the summary judgment now on appeal.
Smalbein argues that the term "valid claim" under section 440.205[2] should not be construed as a requirement that the workers' compensation claim be compensable. We agree. Neither section 440.205, nor Chapter 440, defines the term "valid." Where a term is not defined by the Legislature, courts should construe the term to give effect to both the literal and usual meanings of the word as well as the meaning which would give effect to the objectives and purpose of the statute. To give meaning and effect to the purpose of Chapter 440 and especially section 440.205, we construe the words "valid claim" to mean a meritorious claim. Fla. Stat. § 440.02(6). Construing valid as compensable as urged by VCSB would require the successful adjudication of the claim for compensation before the filing and adjudication of the suit for retaliation. In some instances, that construction could result in retaliation against employees with no fear of liability when the four-year statute of limitations for filing a suit under section 440.205 expires before a compensation claim is resolved. See generally Scott v. Otis Elevator, 524 So.2d 642 (Fla.1988) (four-year statute of limitations applies to claims under section 440.205). We find that interpreting "valid" as "compensable" thwarts the purpose and intent of the Legislature to prohibit retaliation whereas construing a valid claim as a meritorious one provides the proper protection to injured employees seeking benefits without over-extending the protection to employees who file frivolous claims.[3]
The administrator of VCSB's educator services department testified that Smalbein was removed from the substitute teacher list because of concerns that working as a teacher would aggravate Smalbein's injuries, not for any disciplinary reasons. Smalbein raised an issue of fact when he testified that the administrator told him that his name was removed because of his worker's compensation claim. This factual issue remains unresolved and if Smalbein's version of the reason for removal from the substitute teacher list is *171 correct, VCSB's action was not a legitimate reason and could be construed as retaliatory in nature.
We reject as meritless VCSB's defense that the trial court was bound under the theory of collateral estoppel to the factual findings of the JCC. Clearly, collateral estoppel would not apply to preclude the trial court from making its own factual determinations for the reason that the JCC lacks jurisdiction over claims under section 440.205. (See, e.g., Smith v. Piezo, 427 So.2d at 185; see also Fla. Stat. § 440.25(1); Fireman's Fund Ins. Co. v. Rich, 220 So.2d 369 (Fla.1969); Belam Florida Corp. v. Dardy, 397 So.2d 756 (Fla. 1st DCA 1981)). Moreover, the issues are not identical. The compensation claim involves compensation for injuries whereas the retaliation claim requires analysis of the employer's actions directed toward the employee as a result of filing the compensation claim.
We vacate the summary judgment and remand for further proceedings.
SUMMARY JUDGMENT VACATED; REMANDED.
SHARP, W., and HARRIS, JJ., concur.
NOTES
[1] Although not dispositive of this case, we note that during the pendency of this appeal, the First District Court of Appeal remanded Smalbein's case to the JCC for reconsideration.
[2] Section 440.205, Florida Statutes provides: "No employer shall discharge, threaten to discharge, intimidate or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Worker's Compensation Law."
[3] Frivolous claims are defined as those which are so clearly devoid of merit, both on the facts and the law, as to be completely untenable. See United Cos. Fin. Corp. v. Hughes, 460 So.2d 585, 587 (Fla. 2d DCA 1984). A frivolous argument is one which is so devoid of merit that it can be determined without argument or research. See Simkins Indus. Inc., v. Lawyers Title Ins., 696 So.2d 384, 385 (Fla. 3d DCA 1997).