**Amir A. KAMMONA, Plaintiff,**

v.

**ONTECO CORPORATION, et al., Defendants.**

**Case No. 13–20190–CIV.**

United States District Court, S.D. Florida, Miami Division.

July 19, 2013.

Amir A. Kammona, Lenoir City, TN, pro se.

Charles L. Neustein, Miami Beach, FL, Howard D. Dubosar, Robert Cory Sheres, The Dubosar Law Group, P.A., Boca Raton, FL, for Defendants.

### *ORDER*

DONALD L. GRAHAM, District Judge.

**THIS CAUSE** came before the Court upon Defendant, Onteco Corporation's Motion to Dismiss Plaintiff's Complaint. [D.E. 24].

**THE COURT** has considered the Motion and the pertinent portions of the record, and is otherwise fully advised in the premises.

## I. FACTUAL BACKGROUND

Amir Kammona ("Plaintiff") alleges he was a shareholder with a certain amount of common stock in Defendant, Onteco Corporation ("Onteco"). [D.E. 1]. Plaintiff's ownership in Onteco allegedly began with an initial stock purchase on May 16, 2011. [D.E. 1 at ¶¶ 11–12, 14]. Plaintiff states that he continued to purchase shares of Onteco in the open market through January 2012. [D.E. 1 at ¶ 35]. Plaintiff further alleges that, over the course of two years, Onteco's corporate officers, the other named defendants in this action, breached their respective fiduciary duties to the shareholders of Onteco and committed securities fraud which ultimately led to the dilution of his ownership percentage in Onteco. [D.E. 1 at 10–12].[1]

## II. STANDARD OF REVIEW

"For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider allegations of the complaint as true, and accept all reasonable inferences." *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quotations and citations omitted). For a claim to have facial plausibility, a Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When a plaintiff alleges fraud under Rule § 10(b) of the Securities Exchange Act, a plaintiff must show: "1) a misstatement or omission, 2) of material fact, 3) made with scienter, 4) on which plaintiff relied, and 5) that proximately caused his injury." *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir.2001). A plaintiff must also state,

---

1. Although there are multiple defendants named in this case, they have not joined Defendant Onteco's instant motion.

"with particularity, the circumstances that constitute fraud or mistake." *See* Fed. R.Civ.P. 9(b).

## III. DISCUSSION

Defendant Onteco has moved to dismiss the complaint, in its entirety, based upon three separate grounds: 1) Plaintiff's complaint fails to state a claim and lacks specificity pursuant to Fed.R.Civ.P. 12(b)(6) and 9(b); 2) Plaintiff seeks relief on behalf of Onteco but has failed to bring suit as a derivative action; and 3) Plaintiff failed to timely serve the complaint. [D.E. 24].

### A. Federal Rule of Civil Procedure 12(b)(6) and 9(b)

Plaintiff alleges, *inter alia*, securities fraud on behalf of Onteco and members of its board of directors. [D.E. 1 at 11–12]. "In order to state a claim under § 10(b) and Rule 10b–5, a plaintiff must show the following: "(1) a misstatement or omission, (2) of a material fact, (3) made with scienter, (4) on which plaintiff relied, (5) that proximately caused his injury." " *Ziemba*, 256 F.3d at 1202 (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d at 1271, 1281 (11th Cir.1999)). Furthermore, "[i]n order to survive a motion to dismiss, Plaintiffs' claims of fraud under § 10(b) and Rule 10b–5 also must satisfy the requirements of Fed.R.Civ.P. 9(b)." *Id.* Rule 9(b) is satisfied when the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Id.* (citing *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997) (internal quotations omitted)).

Taking Plaintiff's allegations as true, the complaint simply does not sufficiently state a cause of action for securities fraud. Plaintiff does not state with any particularity the misstatements or omissions of material fact made by Onteco. The only "statements" mentioned in the complaint pertain to Onteco's press release and Securities and Exchange Commission ("S.E.C.") Form 8–k filings on November 12th, 16th, and 17th, 2011. [D.E. 1 at ¶¶ 19, 21, 26]. Plaintiff only refers to these "statements" generally and does not include any specific information as to their fraudulent nature. Moreover, Plaintiff does not include any allegations that these "statements" by Onteco were made with scienter or that he relied on any on them in making his stock purchases. The complaint just generally avers that Onteco and members of its board of directors made a concerted effort to dilute his equity position. [D.E. 1 at 11]. As a result, Plaintiff's complaint does not sufficiently state a cause of action for securities fraud.

### B. Derivative Actions

Plaintiff contends his claims for breach of fiduciary duty and securities fraud are direct, rather than derivative. "Whether a claim is direct or derivative is a matter of state law, and is determined from the body of the complaint rather than from the label employed by the parties." *In re Southeast Banking Corp.*, 827 F.Supp. 742 (S.D.Fla.1993) (reversed on other grounds). "Under Florida law, a shareholder may bring individual action for injuries suffered directly by the shareholder that are separate and distinct from injuries to all other shareholders." *In re Sunrise Sec. Litig.*, 916 F.2d 874, 880 (3d Cir.1990) (citing *Wolfe v. American Savings & Loan Assoc.*, 539 So.2d 606, 607–08 (Fla. 3d DCA 1989)). Moreover, "a shareholder does not have an individual cause of action for damages that result from injury

to the corporation. If the gravamen of the complaint is injury primarily to the corporation or to the shareholders generally, then the claim belongs to the corporation and the shareholder's right to bring the action derives from the corporation." *Id.* (citing *Alario v. Miller,* 354 So.2d 925, 926 (Fla. 2d DCA 1978).

On its face, Plaintiff's complaint alleges a hybrid of direct and derivative claims. To the extent Plaintiff's voting rights were affected by the dilution of his equity through reverse stock splits, he would be allowed to bring a direct claim; however, all stockholders in Onteco could make the same argument. Also, Plaintiff includes allegations such as "[Board Defendants] had a fiduciary duty to shareholders ..." and "[t]he Board Defendants also intentionally tried to entangle or put Defendant Onteco Corporation in a position susceptible to being entangled with debt ...". [D.E. 1 at 10–11]. These allegations are distinctly derivative in nature and Plaintiff does not have standing to bring them directly.

In the alternative, Plaintiff maintains that his complaint "is ready to fit all requirements of [R]ule 23.1" which governs federal derivative actions. [D.E. 31 at 3]. However, Plaintiff has not sufficiently pled a derivative action under Fed.R.Civ.P. 23.1. Specifically, Rule 23.1(3) requires the Plaintiff to "state with particularity: (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and (B) the reasons for not obtaining the action or not making the effort." *See* Fed.R.Civ.P. 23.1. Plaintiff's complaint does not contain any allegations that would satisfy this portion of the rule. Thus, Plaintiff does not have standing to bring this suit directly and he has not sufficiently pled a derivative action under Fed.R.Civ.P. 23.1.

### C. Failure to Timely Serve the Complaint

Since the Court finds that Plaintiff's complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) and 9(b), and that he lacks standing to bring this suit directly, it is not necessary to address Plaintiff's purported failure to comply with the Court's April 9, 2013 order.

### IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant Onteco's Motion to Dismiss [D.E. 24] is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that Plaintiff's complaint as to Defendant Onteco is **DISMISSED WITHOUT PREJUDICE.**

