644 So.2d 612 (1994)
W. Ronald McILVEEN, Appellant,
v.
Barbara O. McILVEEN, Appellee.
No. 93-03736.
District Court of Appeal of Florida, Second District.
November 9, 1994.
M. Katherine Ramers, Dunedin, for appellant.
William H. Walker, St. Petersburg, for appellee.
DANAHY, Acting Chief Judge.
The husband raises three issues in his appeal from the final judgment of dissolution of marriage. We affirm except in two respects.
We reject the husband's argument that the trial court failed to make sufficient and specific findings of fact to support its determinations as to equitable distribution, alimony, and the obligation of the husband to provide the wife with medical, dental, and ocular insurance, including psychological and psychiatric coverage.
However, we agree with the husband (and the wife concedes) that his insurance obligation should be subject to reasonable limitations as to the maximum cost to the husband. Therefore, we reverse that part of the final judgment regarding the husband's obligation to provide health insurance to the wife with directions that the trial court fix reasonable limitations on the maximum cost to the husband of that requirement.
The husband attacks on several grounds the trial court's determination that the wife is entitled to attorney's fees and costs. We agree with the husband that the trial court should not have determined entitlement to fees in the final judgment when the order on pretrial conference expressly provided that all issues regarding attorney's fees would be determined at a hearing subsequent to the final judgment. However, we lack jurisdiction to review the issue of entitlement and deny review of that issue. We align ourselves with the other district courts of appeal, which have held that an order which only determines the right to attorney's fees without setting the amount is a nonappealable, nonfinal order. See Gonzalez Engineering, Inc. v. Miami Pump & Supply Co., 641 So.2d 474 (Fla. 3d DCA 1994); Winkelman v. Toll, 632 So.2d 130 (Fla. 4th DCA 1994); Trans Atlantic Distributors, L.P. v. Whiland & Co., S.A., 646 So.2d 752 (Fla. 5th DCA 1994); Hobbs v. Hobbs, 518 So.2d 439 (Fla. 1st DCA 1988). Accord Cokonougher v. Cokonougher, 543 So.2d 460 (Fla. 2d DCA 1989) (where the trial court merely reserved jurisdiction to make an award of attorney's fees, the issue is premature and the appellate court lacks jurisdiction to review it).
AFFIRMED IN PART, REVERSED IN PART WITH DIRECTIONS, AND REVIEW DENIED IN PART.
PATTERSON and LAZZARA, JJ., concur.