FULMER, Judge.
Theodore M. Paneson (Husband) appeals the trial court’s order entered on his motion for order of dismissal and satisfaction and on the motion of Darlene M. Paneson (Wife) to tax pre- and post-judgment interest. We affirm without discussion on issues one and four raised in the Husband’s initial brief and on those issues raised by the Wife in her answer brief. As to the second issue raised by the Husband, however, we conclude that the trial court abused its discretion in assessing postjudgment interest on the amount of equitable distribution awarded to the Wife. Accordingly, we reverse that portion of the order under review. Our disposition of issue two renders moot the Husband’s *524 third point on appeal challenging the rate of interest.
The parties’ marriage was dissolved in 1990, and all issues regarding the dissolution were resolved by agreement at that time, except the question of equitable distribution. The parties agreed to resolve the division of property by submitting to binding arbitration. For reasons not relevant to this opinion, the arbitration commenced in 1997, but the hearings did not conclude until June 3, 1999. On February 10, 2000, the arbitrator submitted his ruling, together with an “Order on Report and Recommendation of Arbitrator” to the trial court. In that order, the arbitrator recommended that the Wife be awarded $46,424.50 as equitable distribution. The trial court entered an order approving the arbitrator’s report and recommendation on February 11, 2000.
The Wife filed a motion for rehearing of the trial court’s confirmation of the arbitrator’s report taking exception to, among other rulings, the arbitrator’s failure to award postjudgment interest and requesting the trial court to assess interest. On March 15, 2000, the trial court denied the Wife’s motion for rehearing, and she did not appeal that ruling. On June 26, 2000, the Husband submitted to the Wife’s attorney a certified check for $46,424.50, the exact amount recommended by the arbitrator and confirmed by the trial court. Along with the check the Husband submitted a Satisfaction of Judgment, Release of Claim and Stipulation for Dismissal and Order.
The Wife did not cash the check, did not sign the dismissal papers, and did not otherwise respond to the Husband’s attempt to satisfy the judgment. On March 14, 2001, the Husband filed a motion for order of dismissal and satisfaction of judgment. The Wife, in turn, filed a motion to tax pre- and postjudgment interest. Following a hearing on the motions, the trial court entered an order assessing 12 percent interest on the $46,424.50 awarded to the Wife from February 11, 2000, the date it entered the order confirming the arbitrator’s recommendation. On appeal, the Husband challenges the imposition of post-judgment interest.
“The imposition of interest on payments to be made in equitable distribution is a discretionary matter with the trial court.” Rey v. Rey, 598 So.2d 141, 145 (Fla. 5th DCA 1992). In this case, the arbitrator’s recommended order did not recommend an assessment of interest, and the trial court’s confirmation order did not award interest. Furthermore, the trial court denied the Wife’s motion for rehearing which contained a request for post-judgment interest. The Wife failed to appeal that ruling. Therefore, when the Husband tendered payment of the full amount he had been ordered to pay, the tender should have been deemed full satisfaction of the judgment. Because the trial court failed to order payment of interest initially and denied the Wife’s motion for rehearing, it was an abuse of discretion to impose the postjudgment interest sixteen months after having denied the Wife’s earlier request and after the Husband attempted to comply fully with the initial order. Accordingly, we reverse the interest assessed on the Wife’s equitable distribution award.
Reversed in part, affirmed in part, and remanded for further proceedings consistent with this opinion.
NORTHCUTT and STRINGER, JJ„ concur.