ORFINGER, J.
 

 In this post-dissolution proceeding, we affirm the trial court’s judgment of contempt in all respects, save one. Under prevailing law, the trial court must make findings to substantiate an award of attorney’s fees to allow for meaningful appellate review.
 
 See DeLillo v. DeLillo,
 
 848 So.2d 454, 455 (Fla. 4th DCA 2003). When someone other than an attorney’s own client is required to pay their fees, the trial court must award a reasonable fee, determined from testimony (absent any stipulations) as to the prevailing rates for attorneys in comparable circumstances and the amount of time reasonably expended by the attorney on the matter.
 
 See Franklin & Marbin, P.A. v. Mascola,
 
 711 So.2d 46, 48-49 (Fla. 4th DCA 1998);
 
 see also Fla. Patient’s Comp. Fund v. Rowe,
 
 472 So.2d 1145 (Fla.1985). This determination requires the trial court to make findings of fact regarding the number of hours spent, and a reasonable hourly rate.
 
 Simpson v. Simpson,
 
 780 So.2d 985, 988 (Fla. 5th DCA 2001). Absent such factual findings, the award of attorneys’ fees must be reversed
 
 *482
 
 and remanded for further proceedings. In all other respects, the judgment of contempt is affirmed.
 

 AFFIRMED in part; REVERSED in part; and REMANDED.
 

 GRIFFIN and LAWSON, JJ., concur.