KELLY, Judge.
Suzzann Evans Card, the Former Wife, appeals from the amended final judgment dissolving her marriage to Donald L. Card, the Former Husband. The only issues presented for our consideration concern attorney’s fees and costs and whether the *437 trial court erred in failing to reserve jurisdiction over the charging lien filed by the Former Wife’s counsel. We affirm the amended final judgment with the following exception.
The Former Wife raises several arguments regarding the propriety of the trial court’s award of attorney’s fees and costs. We dismiss for lack of jurisdiction her challenge to the award because, not only is the amended final judgment ambiguous regarding entitlement, the trial court reserved jurisdiction to determine the amount of fees to be awarded. Because the amount has not been determined, that portion of the amended final judgment is nonfinal and nonappealable. See McIlveen v. McIlveen, 644 So.2d 612, 612 (Fla. 2d DCA 1994) (holding that an order that determines only the right to attorney’s fees without setting the amount is a nonap-pealable, nonfinal order); see also Zuberer v. Zuberer, 28 So.3d 993, 993-94 (Fla. 2d DCA 2010) (affirming the amended final judgment of dissolution of marriage but dismissing as premature the trial court’s ruling only determining entitlement to fees because the issue was “not ripe for appeal” until the trial court determined the amount of the fees to be awarded).
Counsel for the Former Wife also argues that the trial court erred by not reserving jurisdiction in the amended final judgment to address his timely filed charging lien. There is no dispute that counsel filed the notice and claim of charging lien before the original final judgment was entered. Thus, counsel perfected his charging lien by providing timely notice. See Daniel Mones, P.A. v. Smith, 486 So.2d 559, 561 (Fla.1986) (“In order to give timely notice of a charging lien an attorney should either file a notice of lien or otherwise pursue the lien in the original action.”); see also Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383, 1385 (Fla.1983) (“[T]here are no requirements for perfecting a charging lien beyond timely notice.”); Brown v. Vt. Mut. Ins. Co., 614 So.2d 574, 580 (Fla. 1st DCA 1993) (holding that to be “timely” the notice of a charging lien must be filed “before the lawsuit has been reduced to judgment”). Notwithstanding a lack of express reservation of jurisdiction over the charging lien, the trial court is not foreclosed from considering the charging lien in this action because the issue of attorney’s fees and costs has not been finalized and the trial court reserved jurisdiction for that purpose. See Baker & Hostetler, LLP v. Swearingen, 998 So.2d 1158, 1163 (Fla. 5th DCA 2008) (holding that the trial court had jurisdiction to consider a motion to perfect and enforce an attorney’s charging lien where the trial court reserved jurisdiction to determine entitlement and amount of attorney’s fees).
Affirmed in part; dismissed in part.
DAVIS, C.J., and LaROSE, J., Concur.