PER CURIAM.
Catherine D. Broadway, the former •wife, raises nine issues on appeal challenging the Final Judgment of Dissolution of Marriage between herself and appellee, Eric J. Broadway, the former husband. We affirm the Final Judgment as to eight of the former wife’s issues without further discussion. We find merit, however, in one of the former wife’s issues and, as explained below, reverse and remand for further proceedings.
The record demonstrated that the parties separated in early September 2010, and that the former husband purchased a 25-foot pull-behind camper some time during the week the separation began. The former wife filed her petition for dissolution of marriage on July 26, 2011. In the equitable distribution portion of the Final Judgment, the trial court included the camper in the spreadsheet grid that it utilized to compile and allocate the assets subject to equitable distribution. The trial court ruled that the camper was acquired post-separation and was designated as a non-marital asset of which the former husband retained sole ownership. In this ruling the trial court erred.
Marital assets are defined, inter alia, as “[ajssets acquired ... during the marriage, individually by either spouse or jointly by them.” § 61.075(6)(a)l.a., Fla. Stat. (2011). Florida Statutes further provide:
The cut-off date for determining assets and liabilities to be identified or classified as marital assets and liabilities is the earliest of the date the parties enter *954 into a valid separation agreement, such other date as may be expressly established by such agreement, or the date of the filing of a petition for dissolution of marriage. § 61.075(7), Fla. Stat. (2011). A trial court’s allocation of an asset as marital or non-marital for purposes of equitable distribution is reviewed de novo. Puskar v. Puskar, 29 So.3d 1201, 1203 (Fla. 1st DCA 2010).
Here, there is no evidence that the parties executed a valid separation agreement, either orally or in writing. Therefore, the date the former wife filed her petition for dissolution of marriage, July 26, 2011, would be the cut-off date used to determine whether assets were marital or non-marital. Both parties testified that the former husband purchased the pull-behind camper the week that he moved out of the former marital residence, which was in early September 2010. Because the camper was unquestionably acquired by the former husband before the petition for dissolution was filed, it should have been classified as a marital asset subject to equitable distribution.
Accordingly, we REVERSE in part and REMAND to allow the trial court to either classify the camper as a marital asset and restructure the equitable distribution accordingly, or provide adequate factual findings to support the designation of the camper as a non-marital asset. We AFFIRM the Final Judgment in all other respects.
VAN NORTWICK, PADOVANO, and ROWE, JJ., concur.