PER CURIAM.
Christopher Orizondo (Former Husband) appeals the final judgment dissolving his marriage to Cheryl Orizondo (Former Wife). The parties had two daughters born of the marriage: one is already eighteen, and the other will be turning eighteen in less than six months. The parties agreed to allow the trial judge to meet with the daughters and consider their desires with regard to time-sharing. No ruling on time-sharing was going to repair the strained relationship between Former Husband and his daughters. However, the trial court’s admitted abdication to the desires of the children constitutes reversible error. See Perez v. Perez, 767 So.2d 513, 518-19 (Fla. 3d DCA 2000); Elkins v. Vanden Bosch, 433 So.2d 1251, 1252 (Fla. 3d DCA 1983).
We also find that other portions of the final judgment must be reversed. The trial court set child support at $791 per month, pursuant to the child support guidelines, and determined the arrearage to be $8,756. Neither party disputed these amounts. When the trial court asked for a suggested amount for payment of the arrearage, Former Wife recommended $500 per month and Former Husband suggested ten percent. Apparently, the trial court interpreted Former Husband’s suggestion to mean ten percent of the total arrearage: $875.60 per month. However, Former Husband, via his counsel, intended to suggest ten percent of the monthly obligation. Under the trial court’s interpretation, the amount required to be paid for the arrearage was greater than the monthly child support obligation. A review of Former Husband’s financial affidavit reflects an inability to meet both his own expenses and the combined child support award. We remand for the trial *153 court to reconsider the arrearage payments. The court may take into consideration the age of the children in establishing the monthly arrearage payment.[1]
Additionally, as conceded by Former Wife, the unequal allocation of uncovered reasonable and necessary medical expenses constituted error. The parties’ incomes were substantially equal. On remand, Former Husband shall be responsible for fifty percent of such expenses.
Lastly, the parties listed their various liabilities and noted that none were being paid. On remand, despite the nonpayment, the final judgment should allocate the liabilities and include factual findings to support the allocation. See § 61.075, Fla. Stat. (2018).
The remaining issues raised on appeal were either not preserved or lack merit.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
EVANDER, COHEN, JJ„ and HARRIS, C.M., Senior Judge, concur.

. This will necessitate the entry of a new income deduction order, mooting other issues raised on appeal.