NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SUZZANN EVANS CARD,                )
                                   )
        Appellant,                 )
                                   )
v.                                 )        Case No. 2D13-6054
                                   )
DONALD L. CARD,                    )
                                   )
        Appellee.                  )
_____)

Opinion filed January 30, 2015.

Appeal from the Circuit Court for Highlands
County; Olin W. Shinholser, Judge.

Mark A. Sessums and Lauren E. Jenson of
Sessums Law Group, P.A., Sebring, for
Appellant.

No appearance for Appellee Donald L. Card.


LaROSE, Judge.

        Suzzann Card appeals the trial court's order capping the amount of

attorney's fees she recovered in her dissolution proceeding against her former husband,

Donald Card.  We have jurisdiction.  See Fla. R. App. P. 9.030(b)(1)(A).  Because Ms.

Card agreed to the methodology used by the trial court, we affirm.

        During the dissolution proceedings, Ms. Card filed a motion for temporary

attorney's fees and costs.  After a hearing, the trial court ordered Mr. Card to pay Ms.

Card's counsel $7,500 for temporary fees and costs. Ms. Card appealed that order. She dismissed the appeal after she and Mr. Card reached a stipulated settlement on temporary attorney's fees. Their Joint Stipulation Regarding Temporary Attorney's Fees provided, in pertinent part, as follows:

> [T]he Husband shall pay the sum of $10,000 directly [to] Wife's counsel . . . as and for a settlement on the issue of temporary fees and costs. Such settlement is intended to forestall the need for any appeal as to the prior temporary fee request. This payment is without prejudice to both parties at the final hearing. Husband reserves all rights to contest any further or final fee requests or to argue that the prenuptial agreement requires the credit for such fees to Husband from any monetary awards to Wife and Wife reserves the right to seek additional fees and costs at the final hearing. All arguments by both parties as to such payment of $10,000 are reserved to the parties for the final hearing. . . . In addition, Husband shall pay to Wife's counsel an amount of fees equal to those fees paid by Husband to his counsel should Husband's fees exceed $20,000 prior to the final hearing without prejudice for Husband to receive credit against Wife's award in equitable distribution (and Wife's right to contest such credit).

The trial court approved the joint stipulation. As a result, the parties retained their rights to argue later whether the initial $10,000 temporary fee amount would become part of the final fees awarded to Ms. Card or be deducted from her equitable distribution. The joint stipulation is clear that Ms. Card could request additional fees at the final hearing. If Mr. Card's fees exceeded $20,000 by the final hearing, he would pay Ms. Card's counsel additional temporary fees capped at the amount his counsel charged him.

By the time of the final hearing, Mr. Card had paid approximately $43,000 of Ms. Card's attorney's fees and costs, including more than $19,000 for Ms. Card's

financial expert fees.  Ms. Card's counsel filed an affidavit showing that Ms. Card had paid him $280.08, Mr. Card had paid him $22,766.96, with a balance due of $73,015.63. However, at the final hearing, the parties urged the trial court to decide only Ms. Card's entitlement to attorney's fees, reserving any ruling on the amount.[1]  The trial court agreed.

> In its amended final judgment, the trial court stated as follows:
>
> [H]usband agreed to pay to wife's counsel an amount of fees equal to those fees paid by husband to his counsel should husband's fees exceed $20,000.00 prior to the final hearing without prejudice for husband to receive credit against wife's award in equitable distribution (and wife's right to contest such credit). . . .  The court hereby finds that the wife is not entitled to an award of attorney's fees and costs.  Based upon the wife's needs and husband's ability to pay, the court awarded to wife temporary attorney's fees and costs to date exceeding $42,766.96.  The court hereby finds that the wife is entitled to attorney's fees up to the amount the husband has paid fees thru [sic] the final hearing.
>
>     . . . .
>
> Wife's request for attorney's fees and costs is granted up to the extent husband paid/charged attorney's fees and costs.  Wife's counsel must furnish the husband's counsel the records requested that show what husband's counsel paid/charged thru [sic] the final hearing.  The court reserves jurisdiction to determine the amount of the fees as set forth herein.

---

[1]The parties presented evidence of their overall finances at the final hearing.  The trial court may have relied on this evidence not only for equitable distribution, but also in computing the parties' post-judgment financial resources to determine Ms. Card's need for attorney's fees and Mr. Card's ability to pay in ruling on entitlement.  See Rosen v. Rosen, 696 So. 2d 697, 699 (Fla. 1997); Crick v. Crick, 78 So. 3d 696, 699 (Fla. 2d DCA 2012).

The trial court made no factual findings at the final hearing or in the written amended judgment as to Ms. Card's need or Mr. Card's ability to pay attorney's fees and costs. See Perez v. Perez, 100 So. 3d 769, 771 (Fla. 2d DCA 2012).

Ms. Card appealed the amended final judgment. Card v. Card, 122 So. 3d 436 (Fla. 2d DCA 2013). We affirmed in part, but dismissed her challenge to the attorney's fees and costs award because the amended final judgment was ambiguous and did not set a fee amount. Id. at 437 (citing Zuberer v. Zuberer, 28 So. 3d 993, 993-94 (Fla. 2d DCA 2010) (affirming amended final judgment of dissolution but dismissing ruling determining only entitlement to fees as premature because ruling was nonfinal and nonappealable until trial court determined amount of fees)). We directed the trial court to clarify the ambiguity and determine the fee. Id.

We pause to reiterate that the joint stipulation addressed only temporary fees up to the final hearing. Seemingly, the parties reserved the right to litigate not only need and ability to pay, but also the reasonable amount of the final award. At first blush, therefore, the matching-amount provision was not determinative as to the fees payable to Ms. Card. Indeed, our record indicates that, on remand, Mr. Card contemplated a challenge to the reasonableness of all fees charged by Ms. Card's counsel. "When someone other than an attorney's own client is required to pay their fees, the trial court must award a reasonable fee, determined from testimony (absent any stipulations) as to the prevailing rates for attorneys in comparable circumstances and the amount of time reasonably expended on the matter." Kemp v. Kemp, 61 So. 3d 481, 481 (Fla. 5th DCA 2011); see also Snow v. Harlan Bakeries, Inc., 932 So. 2d 411, 412 (Fla. 2d DCA 2006).

- 4 -

Mr. Card's counsel expressed her intention to present expert testimony about the reasonableness of Ms. Card's fees. To forestall such a challenge, Ms. Card argued that an evidentiary hearing was inappropriate because the trial court had already set and capped the amount of fees; she stated that the fees and costs payable to her counsel were satisfied by Mr. Card's payment of $38,463.85, the same amount that Mr. Card's counsel charged through the final hearing. Ignoring the fact that the joint stipulation addressed only temporary fees, Ms. Card further argued that no assessment of reasonableness was necessary because the parties had stipulated that Ms. Card would get the same amount that Mr. Card's counsel charged him. Ms. Card's counsel stated, "We're simply asking the Court at this point to document what the Court provided for, that attorney's fees are the $38,463.85 pursuant to the amended final judgment."

Ms. Card prevailed on this point. The trial court did not hold a hearing on the reasonable amount of fees to be awarded to Ms. Card. Instead, the trial court issued its final order on attorney's fees and costs. In accordance with our previously issued mandate, the trial court agreed that the amended final judgment was ambiguous because it stated both that Ms. Card was not entitled to attorney's fees and costs and that she was entitled to such an award. The final fee order reflected the trial court's intent in the Amended Final Judgment to set the amount of Ms. Card's award of attorney's fees and costs at the amount Mr. Card's attorney charged him, consistent with the parties' joint stipulation. The order provided that Mr. Card incurred $38,655.49 through the final hearing and had paid Ms. Card's counsel $38,463.85, "which the parties agree, and the court finds, satisfies the amount due and owing to the former wife and former wife's counsel pursuant to paragraph 5 of the Amended Final Judgment."

Accordingly, the trial court awarded Ms. Card that amount of attorney's fees and costs. The trial court made no additional findings regarding Ms. Card's need for attorney's fees, Mr. Card's ability to pay, or the reasonable amount of fees incurred by Ms. Card. Mr. Card has not appealed.[2]

Despite the ardor with which she argued against the need for a reasonableness hearing and expressed her satisfaction with a fee award of over $38,000, Ms. Card argues the opposite on appeal. She now contends that the trial court abused its discretion in "arbitrarily" capping her attorney's fees award at the amount Mr. Card incurred. She claims that Mr. Card's income and net worth are substantially higher than hers. She complains that the trial court never made findings of the reasonable and necessary attorney's fees she incurred, and that this court should reverse and remand for further proceedings "to determine a reasonable amount based on her need and ability to pay, and not based on the arbitrary amount Former Husband paid his attorney." Her position on remand before the trial court waived her current contentions. See Goodwin v. State, 751 So. 2d 537, 544 n.8 (Fla. 1999) ("Under the invited-error doctrine, a party may not make or invite error at trial and then take advantage of the error on appeal."); Tate v. Tate, 91 So. 3d 199, 204 (Fla. 2d DCA 2012) (holding invited error rule prevents party from complaining on appeal about a ruling that party invited trial court to make).

Under these circumstances, we are compelled to conclude that the trial court did not err in awarding a final amount of attorney's fees on a matching basis

---

[2] Mr. Card has not participated in this appeal.

without specific factual findings about Ms. Card's need for attorney's fees, Mr. Card's ability to pay, and the reasonableness of the award.

Affirmed.


NORTHCUTT and CRENSHAW, JJ., Concur.