NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BRENT ALLAN SMITH,                     )
                                       )
            Appellant,                 )
                                       )
v.                                     )      Case No. 2D13-4831
                                       )
JODIE BEAR SMITH,                      )
                                       )
            Appellee.                  )
_____   )

Opinion filed July 1, 2015.

Appeal from the Circuit Court for Manatee
County; Gilbert A. Smith, Jr., and Diana L.
Moreland, Judges.

Edward B. Sobel of Edward B. Sobel, P.A.,
Bradenton, for Appellant.

Angela D. Flaherty of Law Office of
Angela D. Flaherty, Sarasota, for Appellee.


PER CURIAM.

            Brent Allan Smith appeals the final judgment dissolving his marriage to

Jodie Bear Smith.  Mr. Smith raises numerous issues on appeal.  We reverse as to one

of the vehicles included as a marital asset in the equitable distribution scheme; we

dismiss as premature Mr. Smith's appeal of the award of attorney's fees and costs.  In

all other aspects, we affirm.

We review de novo a trial court's determination of whether an asset is marital or nonmarital. Broadway v. Broadway, 132 So. 3d 953, 954 (Fla. 1st DCA 2014). Because the parties in this case did not enter into a marital settlement agreement, the applicable date for determining whether assets and liabilities are classified as marital or nonmarital is the date of the filing of the petition for dissolution of marriage. See § 61.075(7), Fla. Stat. (2012). "Assets and liabilities not in existence on that date should not be classified as marital." Fortune v. Fortune, 61 So. 3d 441, 445 (Fla. 2d DCA 2011).

In this case, the trial court included as marital assets in the equitable distribution scheme both a Ford truck, which was owned by Mr. Smith at the time the petition was filed but sold during the pendency of the divorce, and a Scion, which was purchased by Mr. Smith after the date of filing but prior to the final judgment.[1] We conclude that it was error to include the Scion in the equitable distribution scheme. See id. Accordingly, we reverse and direct the trial court to strike the Scion from the equitable distribution scheme and reduce the equalizing payment owed to Ms. Smith by $1500.

Mr. Smith also alleges that the trial court abused its discretion in awarding attorney's fees and costs to Ms. Smith. The trial court's ruling on attorney's fees and costs only addressed entitlement and did not set an amount. Thus, we lack jurisdiction to review this issue. See Card v. Card, 122 So. 3d 436, 437 (Fla. 2d DCA 2013) (dismissing for lack of jurisdiction the former wife's challenge to an award of attorney's

---

[1]Mr. Smith testified that he sold the truck for approximately $3000 and then, several days later, purchased the Scion for $3000 to replace the truck. There was no contradictory testimony or evidence presented.

fees and costs where the final judgment determined only entitlement and not amount); see also McIlveen v. McIlveen, 644 So. 2d 612, 612 (Fla. 2d DCA 1994) (holding "an order which only determines the right to attorney's fees without setting the amount is a nonappealable, nonfinal order"). Accordingly, we dismiss for lack of jurisdiction Mr. Smith's challenge to the award of attorney's fees and costs.

Affirmed in part; reversed in part with directions; dismissed in part.

ALTENBERND, CASANUEVA, and KHOUZAM, JJ., Concur.