NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

COLLIER COUNTY, a political )
subdivision of the State of Florida, )
                                       )
          Appellant, )
                                       )
v.                                        )     Case No. 2D14-5805
                                       )
PENNY PHILLIPPI, )
                                       )
          Appellee. )
_____ )

Opinion filed December 9, 2015.

Appeal from the Circuit Court for Collier
County; James R. Shenko, Judge.

Colleen M. Greene of Collier County
Attorney's Office, Naples and Gregory N.
Woods of Woods, Weidenmiller, Michetti &
Rudnick, P.L., Naples, for Appellant.

Joseph D. Stewart of Joseph D. Stewart,
P.A., Naples, for Appellee.


PER CURIAM.

        We dismiss Collier County's appeal of the circuit court's order granting

Penny Phillippi entitlement to recover her attorney's fees, because the order reserved

jurisdiction to determine the amount. See McIlveen v. McIlveen, 644 So. 2d 612, 612

(Fla. 2d DCA 1994) ("[A]n order which only determines the right to attorney's fees

without setting the amount is a nonappealable, nonfinal order.").  We affirm on all other issues raised in this appeal.  See Collier Cty. v. Curry, 166 So. 3d 967 (Fla. 2d DCA 2015); cf. City of Miami v. Bus Benches Co., 174 So. 2d 49, 52-53 (Fla. 3d DCA 1965) ("A municipality is bound to recognize its contracts, the same as an individual and one, party to a contract with a municipality, is entitled to the constitutional protection against impairment of it if the municipality attempts to unilaterally change its obligations under a valid agreement." (citations omitted)).

Affirmed in part; dismissed in part.


WALLACE, CRENSHAW, and LUCAS, JJ., Concur.