NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MATTHEW LOEBS,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellant,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Case No. 2D14-191
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
ASHLEY LOEBS,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellee.⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)

Opinion filed February 19, 2016.

Appeal from the Circuit Court for Collier
County; Joseph G. Foster, Judge,
and James M. McGarity III, Acting Circuit
Court Judge.

Scott Martin Roth of Law Offices of Scott
Martin Roth & Associates, P.A., Naples,
for Appellant.

Cary Alan Cliff of Cary Alan Cliff, P.A.,
Naples, for Appellee.


CRENSHAW, Judge.

⠀⠀⠀⠀⠀⠀Matthew Loebs, the Former Husband, challenges the trial court's orders

entered on the Former Wife's Petition Seeking Modification of Parenting Plan Final

Order.  The issues presented for our consideration concern timesharing, child support, and attorney's fees.

To the extent the Former Husband challenges the award of attorney's fees, we dismiss the appeal because the trial court reserved jurisdiction to determine the amount of the award.  See Card v. Card, 122 So. 3d 436, 437 (Fla. 2d DCA 2013) (explaining that an order determining only the entitlement to attorney's fees without setting the amount is nonfinal and nonappealable).

The Former Husband also argues that a portion of the December 9, 2013, order which awards shared parental responsibility but provides that "if a child does not desire to attend an extracurricular activity, the child shall not be required to attend," is contradictory to the award of shared parental responsibility.  See § 61.046(17), Fla. Stat. (2013) (" 'Shared parental responsibility' means a court-ordered relationship in which both parents retain full parental rights and responsibilities with respect to their child and in which both parents confer with each other so that major decisions affecting the welfare of the child will be determined jointly.").  Because we agree that this provision improperly delegates parental decision-making authority to the minor children, we reverse this portion of the order and remand with directions to strike the provision. Cf. Orizondo v. Orizondo, 146 So. 3d 151, 152 (Fla. 5th DCA 2014) ("[T]he trial court's admitted abdication to the desires of the children constitutes reversible error."); Elkins v. Vanden Bosch, 433 So. 2d 1251, 1253 (Fla. 3d DCA 1983) ("The law does not . . . gratify the wishes of children at the expense of the rights of a parent.  Were it otherwise, the law would encourage manipulation by both children and parents and foster a

breakdown in discipline, neither of which is in the best interests of children." (citation omitted)).

We affirm on all other issues raised in this appeal without further comment.

Affirmed in part, dismissed in part, reversed in part, and remanded.

WALLACE and LUCAS, JJ., Concur.