**US BANK, NATIONAL ASSOCIATION, in its Capacity as Trustee for the RMAC Trust, Series 2013-IT, Appellant,**

v.

**Stanley R. FLECK, Appellee.**

**Case No. 2D16-761**

District Court of Appeal of Florida, Second District.

Opinion filed December 28, 2016

Melissa A. Giasi of Kass Shuler, P.A., Tampa, for Appellant.

Amy K. Kenyon of Kenyon Law Group, P.L.L.C., Sarasota, for Appellee.

PER CURIAM.

The final judgment on appeal is reversed and remanded for reconsideration in light of the supreme court's opinion in Bartram v. U.S. Bank National Ass'n, 41 Fla. L. Weekly S493, —— So.3d —— (Fla. Nov. 3, 2016). The trial court did not have the benefit of this opinion when it rendered its final judgment.

Reversed; remanded with instructions.

VILLANTI, C.J., and KHOUZAM and BADALAMENTI, JJ., Concur.

■

**Amy Rose PRATT a/k/a Amy Rose, Appellant,**

v.

**Blake Edward PRATT, Appellee.**

**Case No. 2D16-545**

District Court of Appeal of Florida, Second District.

Opinion filed December 28, 2016

Peter N. Macaluso of Law Office of Peter N. Macaluso, Tampa, for Appellant.

Jeffrey Sirmons, Brandon, for Appellee.

MORRIS, Judge.

Amy Rose Pratt, the former wife, appeals the final judgment of dissolution of her marriage to Blake Edward Pratt, the former husband. We dismiss the portion of the former wife's appeal challenging the trial court's ruling on attorneys' fees. See Card v. Card, 122 So.3d 436, 437 (Fla. 2d DCA 2013) (dismissing the portion of the former wife's challenge to the final judgment of dissolution that addressed attorneys' fees because not only was the order ambiguous as to entitlement but it also failed to set an amount of fees thereby rendering that portion of the final judgment nonfinal and nonappealable); Zuberer v. Zuberer, 28 So.3d 993, 993–94 (Fla. 2d DCA 2010) (dismissing as premature the challenge to the trial court's ruling on attorneys' fees where the trial court determined entitlement but reserved on the amount). In all other respects, the final judgment is affirmed.

Affirmed in part and dismissed in part.

KHOUZAM and SLEET, JJ., Concur.