NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOHN PULLING, JR., and MARSHA          )
PULLING,                               )
                                       )
            Appellants,                )
                                       )
v.                                     )      Case Nos.  2D16-1770
                                       )                 2D16-3734
BILLMYRE ENTERPRISES, INC., and        )                 2D16-4367
GARY BILLMYRE, Individually,           )
                                       )      <u>CONSOLIDATED</u>
            Appellees.                 )
_____)

Opinion filed May 26, 2017.

Appeals from the Circuit Court for Collier
County; Cynthia A. Pivacek and Lauren L.
Brodie, Judges.

John H. Pelzer of Greenspoon Marder,
P.A., Ft. Lauderdale; and Thomas R. Bolf of
Thomas R. Bolf, P.A., Plantation, for
Appellants.

Thomas William Franchino of Thomas W.
Franchino, P.A., Naples, for Appellees.


KHOUZAM, Judge.

            In these consolidated appeals, John and Marsha Pulling challenge the trial

court's award of attorney's fees and costs to Billmyre Enterprises and Gary Billmyre

(collectively Billmyre).  We write to clarify our jurisdiction in these three appeals.

I.      2D16-1770

Following a jury trial on the Pullings' claims against Billmyre, the trial court entered a March 24, 2016, order awarding costs, which found an entitlement but did not determine an amount for costs. The Pullings filed a notice of appeal which resulted in appeal 2D16-1770. An order that finds an entitlement to costs but fails to determine an amount is a nonfinal nonappealable order. See Ritter v. Ritter, 690 So. 2d 1372, 1376 (Fla. 2d DCA 1997) (denying review of attorney's fee and cost award because the judgment found an entitlement to attorney's fees and costs but failed to specify an amount). Accordingly, appeal 2D16-1770 is dismissed.

II.     2D16-3734

The trial court rendered a subsequent order on July 14, 2016, that determined an amount for certain costs owed to Billmyre, determined an entitlement to attorney's fees, and ordered the parties to mediation to "address all pending issues regarding the awards of costs and attorney's fees." This order is also a nonfinal nonappealable order. See Smith v. Smith, 169 So. 3d 220, 221 (Fla. 2d DCA 2015) ("[A]n order which only determines the right to attorney's fees without setting the amount is a nonappealable, nonfinal order." (quoting McIlveen v. McIlveen, 644 So. 2d 612, 612 (Fla. 2d DCA 1994))); Nastasi v. Thomas, 88 So. 3d 407, 410 (Fla. 4th DCA 2012) (holding that an order sending the parties to mediation was not a final appealable order because it contemplated further judicial labor following mediation). Accordingly, we dismiss appeal 2D16-3734.

III.    2D16-4367

Finally, the trial court rendered a supplemental final judgment inclusive of fees and costs on September 12, 2016.  The judgment awarded specific sums of costs and attorney's fees to Billmyre.  The Pullings filed a notice of appeal, resulting in appeal 2D16-4367.  The supplemental final judgment is a final appealable order.  See Altamonte Hitch & Trailer Serv., Inc. v. U-Haul Co. of E. Fla., 483 So. 2d 852, 853 (Fla. 5th DCA 1986) ("An order granting attorney's fees and costs after entry of a final judgment is a final appealable order."); see also Allstate Ins. Co. v. Jenkins, 32 So. 3d 163, 165 (Fla. 5th DCA 2010) ("[A]n attorney's fee award is not appealable until both the issues of entitlement and amount are ruled upon.").  The Pullings have raised a number of issues challenging the supplemental final judgment.  Having thoroughly reviewed their arguments, we affirm the supplemental final judgment without comment.

Dismissed in part; affirmed in part.

MORRIS and BLACK, JJ., Concur.