NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

HUMPHREY IGBERAESE, )
)
         Appellant, )
)
v. )      Case No. 2D17-1676
)
VILLAGE OF STONEYBROOK II )
CONDOMINIUM ASSOCIATION, INC.; )
)
         Appellee. )
)

Opinion filed March 28, 2018.

Appeal from the Circuit Court for Lee
County; Elizabeth V. Krier, Judge.

Humphrey Igberaese, pro se.

Jacob A. Brainard and Michael H.
Casanover of the Business Law Group,
P.A., Tampa, for Appellee Village of
Stoneybrook II Association, Inc.

LaROSE, Chief Judge.

        Humphrey Igberaese appeals the final summary judgment of foreclosure

entered in favor of Village of Stoneybrook II Condominium Association arising from his

unpaid assessments. We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A). We

affirm, without further comment, as to each of the issues raised by Mr. Igberaese, save

one, which we must dismiss.

In the final judgment, the trial court found that the Association was entitled to an award of attorney's fees, but reserved jurisdiction to determine the amount. Although we have jurisdiction over the final judgment, see Singh v. U.S. Bank, N.A., 223 So. 3d 436, 438 (Fla. 2d DCA 2017) ("Beyond dispute, however, we have jurisdiction to review the final judgment of foreclosure . . . ."), we cannot address Mr. Igberaese's challenge to the trial court's determination of the Association's entitlement to fees, see Pulling v. Billmyre Enters., Inc., 223 So. 3d 1086, 1087 (Fla. 2d DCA 2017) ("[A]n order which only determines the right to attorney's fees without setting the amount is a nonappealable, nonfinal order." (quoting Smith v. Smith, 169 So. 3d 220, 221 (Fla. 2d DCA 2015))).

Consequently, we affirm the final judgment, but dismiss without prejudice that portion of Mr. Igberaese's appeal challenging the Association's entitlement to attorney's fees. See Salem v. Abram, 868 So. 2d 1213, 1214 (Fla. 2d DCA 2004) (affirming the entry of final judgment, but dismissing the portion of the appeal challenging the trial court's determination of entitlement to attorney's fees).

Affirmed, in part; dismissed, in part.


KHOUZAM and LUCAS, JJ., Concur.