NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


ROBERT G. WOLF,                            )
                                           )
            Appellant/Cross-Appellee,      )
                                           )
v.                                         )        Case No.  2D17-3376
                                           )
MARY L. WOLF,                              )
                                           )
            Appellee/Cross-Appellant.      )
_____)

Opinion filed May 8, 2019.

Appeal from the Circuit Court for
Hillsborough County; Laurel M. Lee, Judge.

Tarya A. Tribble of Tribble Law Center,
P.A., Riverview, for Appellant/Cross-
Appellee.

Mark A. Neumaier, Tampa, for
Appellee/Cross-Appellant.


SILBERMAN, Judge.

        Robert G. Wolf, the Former Husband, and Mary L. Wolf, the Former Wife,

were divorced in 2006 pursuant to a final judgment of dissolution that also equitably

distributed their assets.  Because some of the asset values were unknown, the final

judgment required the parties to calculate and make arrangements for an equalizing

payment.  This appeal and cross-appeal resulted from the court's May 2017 order that

resolved several postjudgment motions. The order directs the Former Husband to make an equalizing payment, including interest, and finds that the Former Wife is entitled to a portion of the attorney's fees that she claimed. We affirm the order as it pertains to the equalizing payment but dismiss the appeal as it pertains to fees.

In the direct appeal, the Former Husband challenges the court's factual findings made in support of the equalizing payment. However, the Former Husband has failed to provide a transcript of the evidentiary hearing and has not demonstrated reversible error. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979). In the cross-appeal, the Former Wife argues that the trial court erred in calculating postjudgment interest and limiting her attorney's fees. As to the award of postjudgment interest, we conclude that the trial court did not abuse its discretion. See Paneson v. Paneson, 825 So. 2d 523, 524 (Fla. 2d DCA 2002). As to attorney's fees, we do not have jurisdiction over this portion of the order because it determined entitlement but not amount. See Card v. Card, 122 So. 3d 436, 437 (Fla. 2d DCA 2013).

Thus, we affirm the order on appeal with one exception. We dismiss the cross-appeal from the portion of the order determining the Former Wife's entitlement to attorney's fees.

Affirmed in part and dismissed in part.


LaROSE, C.J. and ATKINSON, J., Concur.